The Honorable Bill Fussell Lee County Tax Collector Post Office Box 850 Fort Myers, Florida 33902
Dear Mr. Fussell:
You ask substantially the following question:
May an individual or entity who has possession of the property of a delinquent taxpayer, and who has been served with a tax warrant pursuant to section 197.413, Florida Statutes, respond to the warrant under the garnishment procedures in Chapter 77, Florida Statutes, and seek attorney's fees thereunder?
In sum:
Section 197.413, Florida Statutes, operates independently of the garnishment procedures in Chapter 77, Florida Statutes, and nothing contained therein authorizes an individual or entity holding a delinquent taxpayer's property to use the garnishment statute to seek attorney's fees for responding to the tax warrant.
Section 197.413, Florida Statutes, directs the tax collector to prepare a list of the unpaid personal property taxes prior to May 1 of the year following assessment. The list must contain the names and addresses of the taxpayers and the property subject to the tax. Prior to April 30 of the next year, the tax collector is required to prepare warrants against the delinquent taxpayers providing for the levy upon, and seizure of, tangible personal property.[1]
The tax collector must then file a petition in the circuit court for the county in which the tax collector serves seeking an order ratifying and confirming the issuance of the warrants and directing the tax collector to levy upon and seize the tangible personal property of the delinquent taxpayer in order to satisfy the unpaid taxes.[2] A hearing before the circuit court is held, at which the tax collector or his or her deputy testifies that the personal property taxes listed in the petition are unpaid.[3] Upon finding that the taxes are unpaid, the court may enter an order directing the tax collector to levy upon and seize sufficient tangible personal property to satisfy the unpaid taxes, costs, interest, attorney's fees and other charges.[4] The statute further recognizes that "[t]he court shall retain jurisdiction over the matters raised in the petition to hear such objections of taxpayers to the levy and seizure of their tangible personal property as may be warranted under the statutes and laws of the state."[5]
Section 197.413(8), Florida Statutes, provides:
"A tax warrant issued by the tax collector for the collection of tangible personal property taxes shall, after the court has issued its order as set forth in subsection (6), have the same force as a writ of garnishment upon any person who has any goods, moneys, chattels, or effects of the delinquent taxpayer in his or her hands, possession, or control or who is indebted to such delinquent taxpayer."
The statute gives a tax warrant the same force as a writ of garnishment, but in no way makes it a writ of garnishment or requires the use of the garnishment procedures in Chapter 77, Florida Statutes, in order to levy upon and seize the tangible personal property subject to the warrant. Had the Legislature wished to require the tax collector to use the garnishment procedures in Chapter 77, Florida Statutes, to recover money and property for the payment of delinquent tangible personal property tax, it would have been unnecessary to devise a separate procedure in Chapter 197, Florida Statutes.[6]
Section 77.04, Florida Statutes, prescribes the form for a writ of garnishment. The garnishee is required to serve an answer to the writ on the plaintiff within twenty days after service, stating whether the garnishee is indebted to the defendant and in what sum and what tangible or intangible personal property of the defendant's the garnishee has in his or her possession. Further, the garnishee's answer must state any knowledge of any other person indebted to the defendant or having control or possession of the defendant's property.
Service of a writ of garnishment "shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer."[7]
The garnishment statute, therefore, imposes a duty on the garnishee to answer the writ of garnishment within a specific time period and makes the garnishee liable for all debts the garnishee owes to the defendant and all tangible and intangible personal property of the defendant in the possession of the garnishee. It operates in much the same manner as section 197.413, Florida Statutes, placing liability on one who holds property of the debtor or owes a debt to the debtor. Section 197.413, Florida Statutes, however, does not require the holder of the property to answer the warrant and only extends to tangible personal property. Thus, section 197.413, Florida Statutes, has a more specific area of operation than the garnishment procedures in Chapter 77, Florida Statutes.
Section 197.413(9), Florida Statutes, provides:
"When any tax warrant is levied upon any debtor or person holding property of the taxpayer, the debtor or person shall pay the debt or deliver the property of the delinquent taxpayer to the tax collector levying the warrant, and the receipt of the tax collector shall be complete discharge to that extent of the debtor or person holding the property. The tax collector shall make note of the levy upon the tax warrant."
The plain language of the statute directs a debtor or person holding the property of a delinquent taxpayer to pay the debt or deliver the property to the tax collector, thereby relieving the debtor or person holding the property of the liability owed to the delinquent taxpayer. There is no requirement that the individual levied with a tax warrant serve an answer upon the tax collector, nor does the statute authorize the individual to utilize the garnishment procedures to seek attorney's fees for responding to a tax warrant. Where the Legislature has directed the manner in which a thing is to be accomplished, it is generally understood to mean that no other method may be employed.[8]
Accordingly, it is my opinion that section 197.413, Florida Statutes, does not allow a debtor or an individual or entity holding a delinquent taxpayer's property to use the garnishment proceedings in Chapter 77, Florida Statutes, to seek attorney's fees for responding to a tax warrant.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 197.413(1), Fla. Stat.
[2] Section 197.413(2), Fla. Stat.
[3] Section 197.413(4), Fla. Stat.
[4] Section 197.413(6), Fla. Stat.
[5] Section 197.413(7), Fla. Stat.
[6] See, e.g., City of North Miami v. Miami Herald PublishingCompany, 468 So.2d 218 (Fla. 1985) (in construing legislation, court should not assume Legislature acted pointlessly); Sharer v.Hotel Corporation of America, 144 So.2d 813 (Fla. 1962) (it should never be assumed that the Legislature intended to enact purposeless, and therefore, useless legislation); State v.Dunmann, 427 So.2d 166 (Fla. 1983) (there is a general presumption that the Legislature passes statutes with knowledge of prior existing laws).
[7] See, s. 77.06(1), Fla. Stat.
[8] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).