Wright Moulton Attorney for the Board of Trustees of the Firemen's Relief and Pension Fund City of Pensacola
QUESTION:
1. Is the Board of Trustees of the Firemen's Relief and Pension Fund of the City of Pensacola (the board) a governmental unit of the State of Florida or a governmental unit of the City of Pensacola?
2. Are the medical and other evidentiary materials reviewed by the board in determining disability pensions confidential under s.112.08(7), F.S. (1990 Supp.), and exempt from the provisions of s.119.07(1), F.S. (1990 Supp.)?
3. If the medical and other evidentiary materials reviewed by the board in determining disability pensions are not confidential under s. 112.08(7), (1990 Supp.), and exempt from the provisions of s. 119.07(1), F.S. (1990 Supp.)?
4. Is there a need for remedial legislation to allow the board to quote from in a public meeting, and disclose to the public in a public meeting or otherwise, the medical and other evidentiary material upon which it determines entitlement to a disability pension.
SUMMARY:
1. The Firemen's Relief and Pension Fund of the City of Pensacola is a governmental unit of the city.
2. Pursuant to s. 112.08(7), F.S. (1990 Supp.), medical records and medical claims records in the custody of the pension board are exempt from s. 119.07(1), F.S. (1990 Supp.).
3. In light of my answer to Question Two, no response to this question is necessary.
4. There is no exemption from the Sunshine Law, s. 286.011, F.S. (1990 Supp.), for meetings to discuss medical records and medical claims records in the custody of a pension board. The determination as to whether remedial legislation is needed must be made by the Firemen's Relief and Pension Fund of the City of Pensacola and its counsel.
AS TO QUESTION 1:
The Board of Trustees of the Firemen's Relief and Pension Fund of the City of Pensacola (hereafter the board or the Pensacola board) was created by Ch. 21483, 1941, Laws of Florida, as amended by Ch. 91-397, Laws of Florida. Pursuant to the act, "[t]here is hereby created in and for the City of Pensacola a board of trustees of the Firemen's Relief and Pension fund . . ."
In AGO 74-217 this office considered whether the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa was a subservient municipal board or a legally autonomous entity. Resolution of this issue was essential to a determination of whether the board of trustees of the pension fund was required to use the services of the city attorney or whether it could employ independent legal counsel.
Like the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa (hereafter the Tampa board), the Pensacola board was created by a special act of the Legislature. Two members of the Pensacola board are appointed by the legislative body of the municipality;[1] three members of the Tampa board were appointed by the mayor. In both cases, the city attorney is charged with advising the board of trustees.[2]
Both the Tampa and the Pensacola firemen's pension fund are created and maintained using the proceeds of a license tax levied on and collected from Insurance companies who do business within the respective cities.[3] In addition, the Pensacola fund includes "all sums derived by direct millage assessments levied and collected for the augmentation of such Firemen's Relief and Pension Fund, the levy of said taxes being hereby authorized in addition to any taxes now authorized . . . ."[4] In AGO 74-217 it was noted that the Tampa fund consisted in part of moneys derived from a one-mill tax assessed by the city on all taxable property within the city. For the Pensacola fund, a percentage of the salary of each fireman in the City of Pensacola is also deducted by the municipality and paid over to the pension board.[5]
The Pensacola board is authorized to issue warrants on the pension fund and "all such warrants shall be consecutively numbered, and be signed by the officers of the City of Pensacola in the manner now provided by law for the disbursement of City Funds . . . ."[6]
Records of the receipts and disbursements of the board are to kept in the office of the clerk of the City of Pensacola.[7]
In AGO 74-217 this office determined that "the board is in fact a municipal board of the city of Tampa . . . ." based on the city's relationship to the Tamp board. Relying on the factors discussed herein, it is my opinion, that the Firemen's Relief and Pension Fund of the City of Pensacola is a municipal board of the city.
AS TO QUESTION 2:
Section 112.08(7), F.S. (1990 Supp.), provides, in part, that:
 All medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees, or eligible dependents of such employees enrolled in a county or municipal group insurance plan or self-insurance plan shall be kept confidential and are exempt from the provisions of s. 119.07(1). Such records shall not be furnished to any person other than the employee or his legal representative, except upon written authorization of the employee, but may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena form a court of competent jurisdiction and proper notice to the employee or his legal representative by the party seeking such records.
This provision has been interpreted as broad language which "essentially provides that all medical records of county or municipal employees enrolled in a county or municipal group or self-insured plan that are in the custody of a governmental unit shall be confidential and are exempt from section 119.07(1), Florida Statutes (1985)."[8]
In News-Press Publishing Company, Inc. v. Kaune,[9] the court was primarily concerned with the applicability of the Public Records Law to personnel matters. However, the court also considered the extent of confidentiality provided by s. 112.08(7) and (8), F.S. In that case, the newspaper had asked to inspect medical physical examination reports and related documents on city firefighters. These records were requested of the Fort Myers Fire Chief, the doctor who had done examinations of the firefighters, and the City of Fort Myers. The appellant, New-Press, argued that "the exemptions of section 112.08(7) . . . apply solely to medical records filed in conjunction with an employee's participation in a group insurance plan." However, the court determined that the Legislature intended the exemption to extend to all medical records relating to employees enrolled in a group insurance plan. Thus, the exemption applies broadly rather than being related solely to medical records filed in conjunction with an employee's participation in a group insurance plan.
Therefore, all medical records and medical claims records which relate to employees enrolled in a group insurance plan which are confidential and are exempt from s. 119.07(1), F.S. While you have referred to "medical and other evidentiary materials," the exemption goes only to medical records and medical claims records.[10]
AS TO QUESTION 3:
In light of my answer to Question Two, no response to this question is required.
AS TO QUESTION 4:
The Florida Supreme Court has stated that, in the absence of a statute exempting a meeting in which privileged material is discussed, s. 286.011, F.S., should be construed as containing no exemptions.[11]
During the 1991 legislative session the Legislature amended s.119.07(5), F.S. (1990 Supp.), to specifically provide that:
An exemption from this section does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s.286.011 must be expressly provided.[12]
In light of the Court's position and s. 119.07(5), F.S.,[13]
this office has consistently stated that statutory exceptions from Ch. 119 do not, by implication, allow a public agency to close a meeting in which the exempted material is to be discussed absent a specific exemption.[14]
Thus, while s. 112.08(7), F.S. (1990 Supp.), exempts medical records and medical claims records from disclosure under s.119.07(1), F.S. (1990 Supp.), this exemption form the Public Records Law does not make such information exempt from discussion during a public meeting pursuant to s. 286.011, F.S.
The determination of whether remedial legislation would facilitate the board in carrying out its duties to review and determine pension entitlement must be made by the Board of Trustees of the Firemen's Relief and Pension Fund of the City of Pensacola, in consultation with its legal counsel. This office has no authority to act in this regard and may not be delegated this responsibility.
[1] Section 1, Ch. 91-397, Laws of Florida.
[2] Id.
[3] Section 4, Ch. 21483, 1941, Laws of Florida.
[4] Section 4(d), Ch. 21483, 1941, Laws of Florida.
[5] Section 4(b), Ch. 21483, 1941, Laws of Florida.
[6] Section 3(b), Ch. 21483, 1941, Laws of Florida. Andsee, s. 19, Ch. 21483, 1941, Laws of Florida, providing that funds and securities of the Firemen's Relief and Pension Fund shall be deposited with the city clerk-comptroller, who is charged with keeping in a separate fund for which he or she is liable for safe keeping and is liable in the same manner and to the same extent as he or she is for city funds.
[7] Section 3(e), Ch 21483, 1941, Laws of Florida.
[8] New-Press Publishing Company, Inc. v. Kaune,511 So.2d 1023, 1026 (2 D.C.A. Fla., 1987).
[9] Id.
[10] The Public Records Law is to be liberally construed in favor of open government, and exemptions form disclosure are to be narrowly construed so they are limited to their stated purpose. Seminole County v. Wood, 512 So.2d 1000 (5 D.C.A. Fla., 1987),petition for re. denied, 520 So.2d 586 (Fla. 1988); Tribune co. v. Public Records, 493 So.2d 480 (2 D.C.A. Fla., 1986),petition for rev. denied sub nom., Gillum v. Tribune Co.,503 So.2d 327 (Fla., 1987); Bludworth v. Palm Beach Newspapers, Inc.,476 So.2d 775 (4 D.C.A. Fla., 1985), petition for rev. denied,488 So.2d 67 (Fla. 1986).
[11] See, City of Miami Beach v. Berns 245 So.2d 38
(Fla. 1971).
[12] Section (1), Ch. 91-219, Laws of Florida.
[13] Prior to its amendment in 1991, s. 119.07(5), F.S. (1990 Supp.), read as follows: "[n]othing in subsection (3) shall be interpreted as providing an exemption from or exception to s.286.011."
[14] See, AGO's 91-45 and 91-75 (meetings of district school board at which confidential or exempt material is discussed are subject to Government in the Sunshine Law in absence of statute exempting such meetings); and AGO's 80-78, 80-99, 83-52, Inf. Op. to Harry Stewart, April 21, 1988.