Julia P. Forrester General Counsel Florida Health Care Cost Containment Board
QUESTION:
Is the patient/complainant's name, address, hospital where admitted or any other information submitted to the Health Care Cost Containment Board by a patient as part of the complaint resolution process authorized by s. 407.02(10), F.S., exempt from the requirements of the Public Records Law pursuant to s. 407.23, F.S., and s. 570.544(8), F.S.?
SUMMARY:
Section 407.23, F.S., exempts patient records from disclosure under the Public Records Law and makes them confidential. To the extent that the Health Care Cost -Containment Board receives such records during the course of investigating a consumer complaint relating to hospital billing practices, such records are confidential. Further, s. 570.544(8), F.S., provides that information relating to consumer protection received by the board which would reveal the business transactions of any person, trade secrets or names of customers is confidential. Thus, when the Health Care Cost Containment Board is investigating consumer complaints pursuant to s. 407.02(10), F.S., the specified information is exempt from disclosure. However, this exemption expires October 1, 1992.
Chapter 407, F.S., is the "Health Care Cost Containment Act of 1988."[1] The intent of the Legislature in adopting this legislation was "to assure that adequate health care is affordable and accessible to all the citizens of this state."[2] To further the accomplishment of this goal, the Legislature created the Health Care Cost Containment Board (the board).[3]
The Health Care Cost Containment Board is authorized, among other things, to:
 [I]nvestigate consumer complaints relating to problems with hospital billing practices and issue reports to be made public in any cases where the board determines the hospital has engaged in billing practices which are unreasonable and unfair to the consumer.[4]
Thus, the statute authorizes the board to investigate consumer complaints regarding hospital billing practices.
Chapter 407, F.S., contains a specific provision for the confidentiality of certain information available to the board. Section 407.23, F.S., provides, in part, that:
A patient record obtained by the Health Care Cost Containment Board, which record contains the name, residence or business address, telephone number, social security or other identifying number, or photograph of any person or the spouse, relative, or guardian of such person or which record is patient-specific or otherwise identifies the patient, either directly or indirectly, is confidential and exempt from the provisions of s. 119.07(1).
Both the courts and this office have consistently stated that the Public Records Law is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[5]
The public policy favoring open records must be given the broadest possible expression.[6]
When read in relation to these rules for exemptions from disclosure, s. 407.23, F.S., provides confidentiality for: (1) patient records; (2) which are obtained by the Health Care Cost Containment Board; (3) and which contain certain patient-specific information, i.e., the name, residence or business address, telephone number, social security or other identifying number, or photograph of the patient, or the spouse, relative, or guardian of the patient. If such record is patient-specific or otherwise identifies the patient in a direct or indirect manner, it is confidential and exempt from s. 119.07(1), F.S.
Because this exemption extends specifically to patient records, it does not appear that s. 407.23, F.S., would provide a general exemption from public disclosure for consumer complaints relating to problems with hospital billing practices received pursuant to s. 407.02(10), F.S. However, in the event that patient records containing such information are received by the Health Care Cost Containment Board in the course of a consumer investigation pursuant to s. 407.02(10), F.S., the statute would exempt such records from s. 119.07(1), F.S.
You also ask whether s. 570.544(8), F.S., provides an exemption from the Public Records Law for information received by the Health Care Cost Containment Board pursuant to s. 407.02, F.S. Section570.544(8), F.S., sets forth the powers and duties of the Division of Consumer Services and establishes the procedure for processing consumer complaints by the division. In addition, this statute provides, in part, that:
The records of the Division of Consumer Services are public records. However, information contained in an original consumer complaint received by the division, and information pertaining to consumer fraud or consumer protection received by any other agency, which if disclosed would reveal the business transactions of any person, trade secrets, or names of customers is confidential and exempt from the provisions of s. 119.07(1). However, such disclosure as may be necessary to enforcement procedures shall not be construed as violative of this prohibition against disclosure.
Thus, information received by the Health Care Cost Containment Board pursuant to s. 407.02(10), F.S., which relates to consumer protection and which, if it were disclosed, would reveal "the business transactions of any person, trade secrets, or names of customers" would be exempt from the Public Records Law.
However, I would note that s. 570.544(8), F.S., was amended by Ch. 92-62, Laws of Florida, to read, in part, as follows:
The records of the Division of Consumer Services are public records. However, customer lists, customer names, and trade secrets are confidential and exempt from the provisions of s.119.07(1). Such disclosure as may be necessary to enforcement procedures shall not be construed as violative of this prohibition against disclosure.
The amendment does not extend confidentiality to information received by agencies other than the Division of Consumer Services. This amendment becomes effective on October 1, 1992.[7]
Therefore, if the Health Care Cost Containment Board obtains patient records which contain the specific information set forth in s. 407.23, F.S., during the investigation of a consumer complaint pursuant to s. 407.02(10), F.S., such records are confidential and exempt from the Public Records Law. In addition, s. 570.544(8), F.S., exempts from s. 119.07(1), F.S., information received by the Health Care Cost Containment Board during consumer complaints investigations which would disclose the business transactions of any person, trade secrets or the names of customers. However, this exemption expires on October 1, 1992.
[1] Section 407.001, F.S.
[2] Section 407.003(1), F.S.
[3] Id.
[4] Section 407.02(10), F.S.
[5] See, e.g., Seminole County v. Wood,512 So.2d 1000 (5 D.C.A. Fla., 1987), pet. for rev. denied,520 So.2d 586 (Fla., 1988); Tribune Company v. Public Records, 493 So.2d 480
(2 D.C.A. Fla., 1986), pet. for rev. denied sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (4 D.C.A. Fla., 1985),pet. for ref. denied, 488 So.2d 67 (Fla. 1986)
[6] Lorei v. Smith, 464 So.2d 1330 (2 D.C.A. Fla., 1985),pet for rev. denied, 475 So.2d 695 (Fla. 1985).
[7] See, s. 2, Ch. 92-62, Laws of Florida.