Mr. Jack Shreve Office of the Public Counsel c/o The Florida Legislature 111 West Madison Street, Room 812 Tallahassee, Florida 32399-1400
Dear Mr. Shreve:
You ask substantially the following question:
Does s. 112.3188(2)(a), F.S., exempt from disclosure a complaint filed with the Office of the Public Counsel under the Whistleblower's Act regarding retaliatory action taken against a public employee who has reported abuse or neglect of duty by a public agency when the Public Counsel has sent a copy of the complaint to, among others, the Chief Inspector General, who is still investigating the initial report of abuse or neglect?
In sum, I am of the opinion, until legislatively or judicially clarified, that:
Section 112.3188(2)(a), F.S., does not exempt from disclosure a complaint filed with the Office of the Public Counsel under the Whistleblower's Act regarding retaliatory action taken against a public employee who has reported abuse or neglect of duty by a public agency even though a copy of the complaint has been sent to the Chief Inspector General, who is investigating the initial report of abuse or neglect by the public agency.
It was the intent of the Legislature in enacting the Whistle-blower's Act (Act) to prevent public agencies from taking retaliatory action against employees who report any abuse or gross neglect of duty on the part of a public officer or agency.[1]
The Act prohibits adverse action being taken against an employee who discloses information of a specified nature and provides a remedy for an employee against whom such action has been taken.[2]
Section 112.3189, F.S., establishes investigative procedures to be followed upon receipt of whistle-blower information from certain state employees. Section 112.31895, F.S., establishes investigative procedures in response to prohibited personnel actions. The statute authorizes an affected individual facing retaliatory action to file a written complaint with the Office of the Chief Inspector General in the Executive Office of the Governor (Chief Inspector General), the Department of Legal Affairs, or the Office of the Public Counsel (Public Counsel) within 60 days after the prohibited personnel action.
Within three working days after receiving a complaint under s.112.31895, F.S., the officer or office receiving the complaint is required to acknowledge receipt of the complaint and to provide copies of the complaint and any other preliminary information to each of the above named offices.[3] Pursuant to s. 112.31895(3), the Public Counsel is empowered, among other things, to receive and investigate complaints from employees alleging retaliation by state agencies as the term "state agency" is defined in s.216.011, F.S.[4]
The confidentiality provisions for the Act are contained in s.112.3188, F.S. Subsection (1) of the statute prohibits the disclosure of the name or identity of any individual who discloses in good faith to the Chief Inspector General, an agency inspector general, or chief internal auditors information that alleges that an employee or agent of an agency or independent contractor:
(a) Has violated or is suspected of having violated any federal, state, or local law, rule, or regulation, thereby creating and presenting a substantial and specific danger to the public's health, safety, or welfare; or
(b) Has committed an act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty
without the written consent of the individual. The name or identity of the whistle-blower, however, may be disclosed to a member of the staff of the Chief Inspector General, agency inspector general, or internal auditor staff.[5] In addition, it may be disclosed if the Chief Inspector General, internal auditor, or agency inspector general determines that such disclosure is necessary to prevent a substantial and specific danger to the public health, safety or welfare or to prevent the imminent commission of a crime, or the disclosure is unavoidable and absolutely necessary during the course of the audit, evaluation, or investigation.[6]
Section 112.3188(2)(a), F.S., provides:
(2)(a) Except as specifically authorized by s. 112.3189, all information received by the Chief Inspector General, an agency inspector general, or chief internal auditors or information produced or derived from fact finding or other investigations conducted by the Department of Legal Affairs, the Office of the Public Counsel, or the Department of Law Enforcement is confidential and exempt from s. 119.07(1) provided that the information is being received or derived from allegations as set forth in paragraphs (1)(a) or (b) and an investigation is active. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.[7] (e.s.)
Section 112.3188(2)(a), F.S., by its own terms limits the exemption to information derived from allegations as set forth in s. 112.3188(1)(a) or (b), F.S. The language in s. 112.3188(1)(a) and (b), F.S., is substantially similar to that contained in s.112.3187(5), F.S., which sets forth the type of information which must be disclosed by an individual in order to receive the protections provided under the act, and, therefore, would appear to relate to "whistle-blowing" information.[8]
In addition, s. 112.3188(2)(a), F.S., differentiates between information obtained by the Chief Inspector General, agency inspectors general or chief internal auditors and information obtained by the Department of Legal Affairs, the Public Counsel, or the Department of Law Enforcement. The exemption for the Public Counsel does not parallel the exemption for the Chief Inspector General. Rather it is limited to information produced or derived from fact finding or other investigations conducted by the Public Counsel.
Thus, a complaint filed with the Public Counsel regarding retaliation would appear to be subject to disclosure since it is not information produced or derived from fact finding or other investigations conducted by the Public Counsel. Rather it is information received by the office that initiates the office's investigation as to whether a retaliatory personnel action has been taken by an agency.
In 1993 the Legislature amended the Act and s. 112.3188, F.S., was rewritten.[9] A provision similar to s. 112.3188(2)(a), F.S., was contained in s. 112.3189(11), F.S. (1992 Supp.).[10] The staff analysis for the proposed changes to the Act states in part:
Revisions would be made to s. 112.3188, F.S., which provides for the confidentiality of whistleblower information when received by the Chief Inspector General, internal auditors, and inspectors general. The major revisions to this section of the law would result from transferring existing statutory language from subsections (10) and (11) of s. 112.3189, F.S., 1992 Supp., to s.112.3188, F.S. The language that would be transferred relates to confidentiality of the identity of the individual who makes the whistleblower disclosure, and of the information disclosed. This section, however, would be amended to allow disclosure of the individual's identity if such identification is "absolutely necessary" during the course of an audit, evaluation, or investigation. Also, an individual's identity would be authorized to be disclosed if the Chief Inspector General or the agency inspector general determines that such disclosure is "necessary to prevent a substantial and specific danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime."[11] (e.s.)
Nothing in the legislative history indicates that a complaint filed with the Public Counsel regarding prohibited personnel action would be exempt. Nor can I conclude that sending a copy of the complaint to the Chief Inspector General, among others, would convert the complaint received by the Public Counsel into an exempt and confidential record. Exemptions from the Public Records Law are to be narrowly construed.[12] The Legislature has limited the exemption for the Public Counsel to information derived or produced from fact-finding or investigation, unlike the exemption for the Chief Inspector General, and this office cannot expand upon or read words into the statute.
Accordingly, I am of the opinion that s. 112.3188(2)(a), F.S., does not prohibit the disclosure of a complaint filed with the Office of the Public Counsel under the Whistle-blower's Act regarding retaliatory action taken against a public employee who has reported abuse or neglect of duty by a public agency, even though a copy of the complaint has been sent to the Chief Inspector General, who is investigating the initial report of abuse or neglect by the public agency. In light of your concerns, however, you may wish to seek legislative clarification to determine whether the failure to shield such documents was an oversight.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 112.3187(2), F.S., stating:
It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of the public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare. It is further the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.
[2] See, s. 112.3187(7), F.S., which provides:
This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; or who initiate a complaint through the whistleblower's hotline; or employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector under s. 112.3189(1), or to the Office of the Public Counsel. The provisions of this section may not be used by a person while he is under the care, custody, or control of the state correctional system, with respect to circumstances that occurred during any period of incarceration. No remedy or other protection under ss.112.3187- 112.31895 applies to any person who has committed or intentionally participated in committing the violation or suspected violation for which protection under ss.112.3187-112.31895 is being sought.
[3] Section 112.31895(1)(b), F.S.
[4] Section 216.011(1)(kk), F.S., defines "State agency" or "agency" to mean "any official, officer, commission, board, authority, council, committee, or department of the executive branch of state government. . . ."
[5] Section 112.3188(1), F.S.
[6] Id.
[7] See, s. 112.3188(2)(b), F.S., authorizing the disclosure ofconfidential information by the Chief Inspector General or agency inspector general receiving the information if they determine such disclosure is absolutely necessary to prevent a substantial and specific danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime. The information, however, may only be disclosed to those persons who are in a position to prevent the danger or to prevent the commission of the crime based on the disclosed information. The subsection further defines when an investigation is active and when it ceases to be active.
[8] See, s. 112.3187(5), F.S., which provides: (a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.
(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.
[9] See, Ch. 93-57, Laws of Florida.
[10] Section 112.3189(11), F.S. (1992 Supp.), provided:
Except as specifically authorized in [s. 112.3189], or as expressly waived by the complainant, all information received by the Chief Inspector General in the Executive Office of the Governor, agency inspector general, or chief internal auditor, or produced from fact-finding or other investigations conducted by the Department of Legal Affairs, the Office of Public Counsel, or the Department of Law Enforcement, under this section or s.112.31895 is confidential and exempt from s. 119.07(1) while the investigation or inquiry is active, and thereafter as provided by s. 112.3188.
[11] Senate Staff Analysis and Economic Impact Statement, on CS/SB 1958, dated March 10, 1993.
[12] See, e.g., Seminole County v. Wood, 512 So.2d 1000 (5 D.C.A. Fla., 1987), petition for review denied, 520 So.2d 586 (Fla. 1988) (Public Records Law is to be liberally construed in favor of open government while exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose); Tribune Company v. Public Records, 493 So.2d 480 (2 D.C.A. Fla., 1986), petition for review denied sub nom., Gillum v. Tribune Company,503 So.2d 327 (Fla. 1987).