Ms. Barbara J. Staros General Counsel Florida Department of Education The Capitol PL 08 Tallahassee, Florida 32399-0400
Dear Ms. Staros:
On behalf of the Commissioner of Education, you ask the following questions:
1. Is an individual, who prior to 1988 obtained an expungement order regarding a criminal history record, required to disclose the existence and substance of such a record when so requested in connection for an application for the issuance or renewal of a teacher's certificate?
2. Would the records custodian be in violation of section119.07(1), Florida Statutes, by refusing to disclose a record which reflects the existence of an expunged (or sealed) criminal history record as required by section 943.0585 (or section943.059), Florida Statutes?
3. May the records custodian lawfully refuse to disclose the criminal history portion of the application and related documents, or portions thereof, of all application files?
In sum:
1. Section 943.0585, Florida Statutes, requires an individual, who prior to 1988 obtained an expungement order regarding a criminal history record, to disclose the existence and history of the criminal history record when so requested in connection with an application for the issuance or renewal of a teacher's certificate.
2. Section 943.0585 and section 943.059, Florida Statutes, respectively prohibit a records custodian who has received information relating to the existence of an expunged or sealed criminal history record from disclosing the existence of such record.
3. While information that reflects an applicant's expunged or sealed criminal history record may be deleted from that individual's application form and related documents, the Department of Education may not delete criminal history information from the applications of individuals who have not been the subject of an expunged or sealed criminal history record.
Question One
Section 943.0585(1), Florida Statutes, provides that "[a]ny court of competent jurisdiction may order a criminal justice agency to expunge a criminal history record, provided that the person who is the subject of the record complies with the requirements of this section. . . ."[1]
Any criminal history record ordered expunged by a court of competent jurisdiction under this section must be physically destroyed by a criminal justice agency having custody of it, except for any criminal history record in the custody of the Florida Department of Law Enforcement (FDLE).[2] Such record retained by FDLE may not be disclosed to any person except upon court order.
Section 943.0585(4)(a), Florida Statutes, provides:
The person who is the subject of a criminal history record that is expunged under this section or under other provisions of law, including former s. 893.14, former s. 901.33, and former s. 943.058, may lawfully deny or fail to acknowledge the events covered by the expunged record, except when the subject of the record:
* * *
6. Is seeking to be employed or licensed by the Office of Teacher Education, Certification, Staff Development, and Professional Practices of the Department of Education, any district school board, or any local governmental entity that licenses child care facilities.[3]
The above provision, requiring an applicant for a teacher's certificate to respond affirmatively to questions pertaining to the applicant's criminal history, notwithstanding the existence of an expungement order, was first adopted in 1988 as an amendment to section 943.058, Florida Statutes 1991.[4] In 1992, section 943.058, Florida Statutes 1991, which addressed both the expungement and sealing of criminal history records, was replaced by sections 943.0585 and 943.059, Florida Statutes, which address expungement and sealing of criminal history records separately.
You state that some individuals seeking to be employed or licensed by the Office of Teacher Education, Certification, Staff Development and Professional Practices of the Department of Education (department) may have obtained an expungement order prior to the adoption of the exception currently contained in section 943.0585(4)(a)6., Florida Statutes. A question has been raised as to whether section 943.0585(4)(a)6. requires an individual whose criminal history record was expunged prior to 1988 to affirmatively answer questions pertaining to that individual's criminal history record on the application to be employed or licensed by the department.
This office must presume the validity of any duly enacted statute.[5]
As quoted above, section 943.0585(4)(a), Florida Statutes, provides that subject to the exceptions in paragraph (a), an expunction order under the current statute or under former sections 893.14, 901.33 or 943.058, a person does not commit perjury or is not otherwise liable for failure to recite or acknowledge an expunged criminal history record. The statute thus expresses a legislative intent that expungement orders granted under the former statutes enumerated therein as well as the current statute are subject to the exceptions set forth in paragraph (a).
Accordingly, I am of the opinion that section 943.0585, Florida Statutes, requires an individual, who prior to 1988 obtained an expungement order regarding a criminal history record, to disclose the existence of his or her criminal history record when so requested in connection with an application for the issuance or renewal of a teacher's certificate.
Question Two
According to your letter, the department from time to time receives requests from persons wishing to inspect teacher's certification applications. You state that while there is no exemption from the disclosure provisions of chapter 119, Florida Statutes, for such applications, an applicant may disclose on his or her application the existence of an expunged or sealed criminal record. In addition, a fingerprint-based search of criminal history information may reveal the existence of such a record. Thus the department may have such information among the records of the Office of Teacher Certification and the Professional Practices Services Section that reflects the existence of an expunged or sealed criminal history record.
Article I, section 24, Florida Constitution, guarantees every person the right of access to public records in all three branches of the government. The only exception from this constitutional mandate are those records "specifically made confidential by this Constitution" and those records exempted by general law or court rule in accordance with subsection (c) or (d) of the constitutional provision.[6]
Chapter 119, Florida Statutes, in clear and unequivocal terms also establishes a right of access to the records of state and local government agencies.[7] Only those records that are currently provided by law to be confidential or that are prohibited from being inspected by the public, whether by general or special law, are exempt from the disclosure provisions of section 119.07(1), Florida Statutes.[8]
As discussed in Question One, section 943.0585(4)(a)6., Florida Statutes, permits the subject of an expunged criminal history record to deny or fail to acknowledge the events covered by the expunged or sealed record unless he or she is seeking to be employed or licensed by the Office of Teacher Education, Certification, Staff Development, and Professional Practices of the Department of Education, any district school board, or any local governmental entity that licenses child care facilities. Similar provisions are contained in section 943.059(4)(a)6., Florida Statutes. Thus, the Department of Education may have access to the expunged records for purposes of licensure or employment.
Section 943.0585(4)(c), Florida Statutes, however, provides:
It is unlawful for any employee of an entity set forth in subparagraph (a)1., subparagraph (a)4., subparagraph (a)5., or subparagraph (a)6. to disclose information relating to the existence of an expunged criminal history record of a person seeking employment or licensure with such entity or contractor, except to the person to whom the criminal history record relates or to persons having direct responsibility for employment or licensure decisions. Any person who violates this paragraph commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. (e.s.)
Section 943.059(4)(c), Florida Statutes, contains a similar prohibition relating to the disclosure of sealed criminal history records.[9] The above statutes, which prohibit the disclosure of information relating to the existence of an expunged criminal history record, thus constitute an exception to the disclosure requirements of section 119.07(1), Florida Statutes.
Accordingly, a records custodian who had received information relating to an expunged or sealed criminal history record pursuant to section 943.0585(4)(a)6., or section 943.059(4)(a)6., Florida Statutes, respectively, would not be in violation of section 119.07(1), Florida Statutes, by refusing to disclose information relating to the existence of the expunged record.
Question Three
According to your letter, one question on the department's application form for licensure or renewal of license concerns the applicant's criminal history, if any. In cases where the application reflects the existence of an expunged criminal history record, you state that the department can comply with section943.0585(4)(c), Florida Statutes, by withholding the applicant's response to the criminal history inquiry on the application and withholding any supporting documents, or portions thereof, that reflect the existence of an expunged criminal history record.
The department, however, is concerned that releasing other applications where the criminal history inquiry is answered in the negative or in the affirmative with supporting documents will have the effect of identifying those individuals whose criminal history records have been expunged or sealed. You, therefore, ask whether the department may refuse to disclose the criminal history portion on all applications and related documents, regardless of whether a particular application reveals the existence of an expunged criminal history record.
The courts and this office have stated that the Public Records Law is to be liberally construed in favor of open government and that exemptions from disclosure are to be narrowly construed so that they are limited to their stated purpose.[10] The public policy favoring access to records must be given the broadest possible expression.[11]
Section 119.07(2)(a), Florida Statutes, clearly requires the custodian of a record containing information that is exempt from disclosure to delete only that portion or portions of the record for which an exemption is asserted and to provide the remainder of the record for examination.[12] While section943.0585(4)(c), Florida Statutes, prohibits the disclosure of information relating to an expunged criminal history record, I find nothing in that statute that permits the custodian to extend application of that exemption to other records that are not covered by the exemption merely because the disclosure of such nonexempt records might reflect on the nondisclosure of exempt material elsewhere.
As noted above, exemptions to the Public Records Law are to be narrowly construed. Accordingly, I am of the opinion that while the department may delete information that reflects an applicant's expunged criminal history record from that individual's application form and related documents, the department may not delete information from the application of other applicants who have not been the subject of an expunged criminal history record.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Similar language regarding the sealing of criminal history records is contained in section 943.059(1), Florida Statutes. See, Art. I, s. 24(d), Fla. Const., providing for access to public records and meetings, which states that all laws that were in effect on July 1, 1993 that limit public access to records or meetings shall remain in force until they are repealed.
[2] Section 943.0585(4)(a), Fla. Stat. (1993). Cf., section943.059(4)(a), Florida Statutes, which concerns the effect of a criminal history record sealing as opposed to expungement, contains substantially the same provisions as are contained in section 943.0585(4)(a), Florida Statutes.
[3] And see, s. 943.0585(4)(b), Fla. Stat. (1993) (subject to the exceptions in paragraph (a), a person granted an expunction may not be held to commit perjury or to be otherwise liable for giving a false statement by reason of such person's failure to recite or acknowledge an expunged criminal history record).
[4] See, s. 1, ch. 88-248, Laws of Florida.
[5] Cf., Pickerill v. Schott, 55 So.2d 716 (Fla. 1951); White v. Crandon, 156 So. 303 (Fla. 1934). And see, Rule 2-1.007, F.A.C. (questions requiring a determination of the constitutionality of a statute or ordinance are exclusively within the province of the judiciary and cannot be answered by an Attorney General Opinion).
[6] See, art. I, s. 24(c) and (d), Fla. Const., providing:
(c) This section shall be self-executing. The legislature, however, may provide by general law for the exemption of records from the requirements of subsection (a) . . . provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. . . .
(d) All laws that are in effect on July 1, 1993, that limit public access to records . . . shall remain in force . . . until they are repealed.
[7] See, s. 119.01(1), Fla. Stat. (1993) (it is the policy of this state that all state, county, and municipal records be open at all times for public inspection); s. 119.07(1), Fla. Stat. (1993) ("Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under the supervision of the custodian of the public record or his designee. . . ."). And see, s. 119.011(1), Fla. Stat. (1993), and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633, 640 (Fla. 1980), defining "public records."
[8] Section 119.07(3)(a), Fla. Stat. (1993).
[9] See, s. 943.059(4), Fla. Stat. (1993).
[10] See, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), review denied sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775
(Fla. 4th DCA 1985), review denied, 488 So.2d 67 (Fla. 1986).
[11] Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA 1985), review denied, 475 So.2d 695 (Fla. 1985).
[12] See, s. 119.07(2)(a), Fla. Stat. (1993), providing in part:
A person who has custody of a public record and who asserts that an exemption provided in subsection (3) or in a general or special law applies to a particular public record or part of such record shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination.