Mr. Herbert W.A. Thiele Leon County Attorney Board of County Commissioners Leon County Courthouse Tallahassee, Florida 32301
Dear Mr. Thiele:
On behalf of the Board of County Commissioners of Leon County you have asked for my opinion on the following question:
In responding to a public records request, may the Leon County Division of Emergency Management delete that portion of a "911" recording which is determined by a criminal justice agency to be active criminal investigative information?
In sum:
In complying with a request for public records, the Leon County Division of Emergency Management may delete that portion of a "911" recording which is determined by a criminal justice agency to be active criminal investigative information.
You state that the county has received a public records request from the news media for copies of audio tapes received by the county through its "911" system. This office has been advised that calls received by the county on the "911" system are, where appropriate, simultaneously received by the sheriff's office and a tape recording of such calls is made. You ask whether the county, in releasing the tapes, may delete not only the information exempted by section 365.171(15), Florida Statutes, but also those portions of the tapes which contain active criminal investigative or criminal intelligence information.
There appears to be some question as to the proper handling of this information, in light of this office's previous conclusions in Attorney General's Opinion 93-60. In that opinion, this office was asked to determine whether a tape recording of a "911" call in the possession of the county emergency services department was exempt from disclosure pursuant to section 119.07(3)(d), Florida Statutes, if the call was subsequently transferred to a law enforcement agency. It was concluded in Attorney General's Opinion 93-60 that a "911" tape recording made by an emergency services department was a public record subject to public disclosure except for the name, address, telephone number, or personal identifying information specifically made confidential by section 365.171(15), Florida Statutes. The factual basis for this office's conclusion in that opinion involved the existence of two distinct and separate recordings: one was made by the county emergency services department, and another was made by the law enforcement agency.
In the instant inquiry, however, the call is simultaneously received by the county and law enforcement agency and a single tape recording is produced.
Section 365.171, Florida Statutes, is the Florida Emergency Telephone Act.[1] The purpose of the act is "to establish and implement a cohesive statewide emergency telephone number "911" plan which will provide citizens with rapid direct access to public safety agencies by dialing the telephone number `911' with the objective of reducing the response time to situations requiring law enforcement, fire, medical, rescue, and other emergency services."[2]
Section 365.171(15), Florida Statutes, provides in part:
Any record, recording, or information, or portions thereof, obtained by a public agency or a public safety agency for the purpose of providing services in an emergency and which reveals the name, address, telephone number, or personal information about, or information which may identify any person requesting emergency service or reporting an emergency by accessing an emergency telephone number "911" system is confidential and exempt from the provisions of s. 119.07(1), except that such record or information may be disclosed to a public safety agency. The exemption applies only to the name, address, or telephone number of any person reporting an emergency while such information is in the custody of the public agency or public safety agency which receives the initial "911" telephone call.
In considering the above exemption, this office has stated that the portion of the voice recording of a "911" call containing the name, address, telephone number and personal information or information that might identify a person requesting emergency services must be deleted or excised by the records custodian prior to disclosure of the remainder of the recording.[3]
While section 365.171, Florida Statutes, specifically exempts certain information included on a "911" recording from disclosure, nothing in the statute precludes the application of other exemptions which may apply to these recordings. Nor is there any language in section 365.171, Florida Statutes, which indicates that the Legislature meant to defeat the application of any other exemption or confidentiality provision to information contained in a "911" recording.
Section 119.07(3)(d), Florida Statutes, exempts active criminal intelligence and active criminal investigative information from the disclosure requirements of Chapter 119, Florida Statutes. Pursuant to section 119.011(3),
(a) "Criminal intelligence information" means information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity. (b) "Criminal investigative information" means information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance. (c) "Criminal intelligence information" and "criminal investigative information" shall not include: 1. The time, date, location, and nature of a reported crime. 2. The name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s.119.07(3)(h). 3. The time, date, and location of the incident and of the arrest. 4. The crime charged. 5. Documents given or required by law or agency rule to be given to the person arrested, except as provided in s. 119.07(3)(h), and, except that the court in a criminal case may order that certain information required by law or agency rule to be given to the person arrested be maintained in a confidential manner an exempt from the provisions of s. 119.07(1) until released at trial if it is found that the release of such information would: a. Be defamatory to the good name of a victim or witness or would jeopardize the safety of such victim or witness; and b. Impair the ability of a state attorney to locate or prosecute a codefendant. . . . 6. Informations and indictments except as provided in s. 905.26. . . .[4]
Criminal intelligence information, thus, relates to intelligence information collected by a criminal justice agency in an effort to anticipate criminal activity. Criminal investigative information refers to information compiled by a criminal justice agency in the course of conducting an investigation of a specific act or omission.[5]
The exemption in section 119.07(3)(d), Florida Statutes, for active criminal investigative and intelligence information represents a "codification of the common law Police Secrets Rule developed by the Florida courts to exempt police investigatory and intelligence information from public disclosure."[6] Its purpose is limited — "to prevent premature disclosure of information when such disclosure could impede an ongoing investigation or allow a suspect to avoid apprehension or escape detection."[7]
This office, in considering what constitutes criminal investigative or criminal intelligence information, has stated that a record containing information given during the initial reporting of a crime is generally considered to be open for inspection. In Attorney General Opinion 80-96 this office concluded that such reports are not ordinarily considered criminal intelligence information since they do not contain information collected in anticipation of criminal activity. Nor are such reports criminal investigative information since the crime report initiates the investigation but is not ordinarily part of the investigative process. However, if such report contains information compiled pursuant to the investigation of the crime by the criminal justice agency, such information may qualify as criminal investigative information.[8] The fact that the information is contained in a crime or incident report does not change the nature of the information or the applicability of the exemption. This office also recognized that "tips" that may be received by a law enforcement agency concerning possible criminal activity, if contained in a police record, would appear to qualify as criminal intelligence information if collected by the agency in an effort to anticipate, prevent, or monitor criminal activity.
Similarly, a "911" call during which a crime is initially reported would not ordinarily contain criminal investigative or intelligence information since such call initiates the investigation. However, the determination as to whether certain information contained in or portions of a public record constitutes active criminal intelligence or investigative information is one which, at least initially, the criminal justice agency must make.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 365.171(1), Fla. Stat. (1993).
[2] Section 365.171(2), Fla. Stat. (1993).
[3] Attorney General Opinion 93-60. And see, Op. Att'y Gen. Fla. 90-43 (1990) (while portion of voice recording revealing name, address and telephone number of person reporting an emergency or requesting assistance using a "911" number is exempt from disclosure, public agency is required to release the remainder of the voice recording once the exempt material has been deleted).
[4] And see, s. 119.011(3)(d), Fla. Stat. (1993), defining "active."
[5] And see, s. 119.011(4), Fla. Stat. (1993), defining "Criminal justice agency" to mean any law enforcement agency, court, or prosecutor.
[6] Tribune Company v. Cannella, 438 So.2d 516, 523 (Fla. 2d DCA 1983), reversed on other grounds, 458 So.2d 1075 (Fla. 1984), appeal dismissed, 105 S.Ct. 2315 (1985).
[7] Cannella, supra; Tribune Company v. Public Records,493 So.2d 480, 483 (Fla. 2d DCA 1986).
[8] Attorney General Opinion 91-74.