Dear Ms. Cassady:
As the Town Attorney for the Town of Ponce Inlet, you have asked for my opinion on substantially the following question:
Does section 202.195, Florida Statutes, require the town to treat rental amounts set forth in a lease agreement with a telecommunications company as "proprietary confidential business information" which is confidential and exempt from section 119.07(1), Florida Statutes?
According to information you have supplied, a telecommunications company leases a parcel of town property upon which it has constructed a communications tower. Under the lease agreement, the telecommunications company pays an annual amount of money to the town for the lease of the parcel. The company has requested that the town maintain the amount of the lease payment as confidential from the provisions of the Public Records Law pursuant to section 202.195, Florida Statutes.
Chapter 202, Florida Statutes, is the "Communications Services Tax Simplification Law."[1] The act provides that "every person who engages in the business of selling communications services at retail in this state is exercising a taxable privilege" and establishes the rate of taxation for these transactions.[2] The plan created by this chapter has been declared by the Legislature to serve state interests "by reforming the tax laws to provide a fair, efficient, and uniform method for taxing communications services sold in this state." The Legislature has declared that the law is "essential to the continued economic vitality of this increasingly important industry because it restructures state and local taxes and fees to account for the impact of federal legislation, industry deregulation, and the convergence of service offerings that is now taking place among providers."[3]
Section 202.195, Florida Statutes, provides a public records exemption for proprietary confidential business information obtained by a local government from a telecommunications company. The statute provides:
"(1) Proprietary confidential business information obtained froma telecommunications company or franchised cable company for the purposes of imposing fees for occupying the public rights-of-way, assessing the local communications services tax pursuant to s. 202.19, or regulating the public rights-of-way, held by a local governmental entity, is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. Such proprietary confidential business information held by a local governmental entity may be used only for the purposes of imposing such fees, assessing such tax, or regulating such rights-of-way, and may not be used for any other purposes, including, but not limited to, commercial or competitive purposes." (e.s.)
Information within the scope of the exemption is defined to include
"maps, plans, billing and payment records, trade secrets, or other information relating to the provision of or facilities for communications service:
(a) That is intended to be and is treated by the company as confidential;
(b) The disclosure of which would be reasonably likely to be used by a competitor to harm the business interests of the company; and
(c) That is not otherwise readily ascertainable or publicly available by proper means by other persons from another source in the same configuration as requested by the local governmental entity."[4]
You advise that the telecommunications company has requested that the exact dollar amount of the month lease payment from the company to the city be kept confidential, thus satisfying the requirement of subparagraph (a) above. However, I cannot conclude that the disclosure of such information would reasonably likely to be used by a competitor against the company's business interests; nor, apparently, are the requirements of subparagraph (c) met. According to information supplied to this office, the amount of the monthly lease payments appear in the town's budget and in backup documents during budget preparation and throughout the year.
Section 202.195(2)(c), Florida Statutes, quoted above, refers to material "in the same configuration as requested by the local governmental entity." (e.s.) The Town of Ponce Inlet has not requested this information from the telecommunications company, rather, this is a contract into which both parties entered and which contains information that is readily ascertainable from other sources. Further, while the town and the telecommunications company worked together on this lease agreement, the amount of the lease payment is not "informationobtained from a telecommunications company." (e.s.)
The general purpose of Chapter 119, Florida Statutes, "is to open public records to allow Florida's citizens to discover the actions of their government."[5] The Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[6] Any doubt as to the applicability of a Public Records exemption should be resolved in favor of disclosure rather than secrecy.[7] As an exemption from the Public Records Law, section202.195, Florida Statutes, should be read narrowly and the Public Records Law itself should be interpreted liberally in favor of openness. Any doubts as to the application of the exemption provided in section202.195 should be resolved in favor of opening the records.
Therefore, it is my opinion that section 202.195, Florida Statutes, does not require the Town of Ponce Inlet to treat rental amounts set forth in a lease agreement with a telecommunication company as "proprietary confidential business information" which is confidential and exempt from section 119.07(1), Florida Statutes.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See s. 202.10, Fla. Stat., for the short title of the act.
[2] Section 202.12, Fla. Stat.
[3] Section 202.105(1), Fla. Stat.
[4] Section 202.195(2), Fla. Stat.
[5] Christy v. Palm Beach County Sheriff's Office, 698 So. 2d 1365,1366 (Fla. 4th DCA 1997).
[6] Krischer v. D'Amato, 674 So. 2d 909, 911 (Fla 4th DCA 1996);Seminole County v. Wood, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987),review denied, 520 So. 2d 586 (Fla. 1988); Tribune Company v. PublicRecords, 493 So. 2d 480, 483 (Fla. 2d DCA 1986), review denied sub nom.,Gillum v. Tribune Company, 503 So. 2d 327 (Fla. 1987). And see SouthernBell Telephone and Telegraph Company v. Beard, 597 So. 2d 873, 876 (Fla. 1st DCA 1992) (Public Service Commission's determination that statutory exemption for proprietary confidential business information should be narrowly construed and did not apply to company's internal self-analysis was "consistent with the liberal construction afforded the Public Records Act in favor of open government").
[7] Tribune Company v. Public Records, supra.