468 So.2d 218 (1985)
CITY OF NORTH MIAMI, Etc., et al., Petitioners,
v.
MIAMI HERALD PUBLISHING COMPANY, Etc., et al., Respondents.
No. 64944.
Supreme Court of Florida.
March 28, 1985.
Rehearing Denied May 31, 1985.
Thomas M. Pflaum of Simon, Schindler & Hurst, Miami, for petitioners.
Parker D. Thomson and Susan H. Aprill of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, and Richard J. Ovelmen, General Counsel, The Miami Herald Pub. Co., Miami, for respondents.
James R. Wolf, General Counsel, Tallahassee, amicus curiae for Florida League of Cities.
Robert A. Ginsburg, County Atty., and James A. Jurkowski, Asst. County Atty., Miami, amicus curiae for Metropolitan Dade County.
Philip H. Trees and G. Robertson Dilg of Gray, Harris & Robinson, Orlando, amicus curiae for Orange County.
PER CURIAM.
This cause is before us on a certified question of great public importance. Miami *219 Herald Publishing Co. v. City of North Miami, 452 So.2d 572 (Fla. 3d DCA 1984) appealing after remand 420 So.2d 653 (Fla. 3d DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The facts of the case are set forth in the district court opinion. For our purposes it is enough to say that the district court held that certain written communications pertaining to litigation pending between petitioners and other parties were not privileged under section 90.502, Florida Statutes (1981), and, thus, were subject to disclosure under the Public Records Act, chapter 119, Florida Statutes (1981). Because of the significance of the issue, the district court certified the following question of great public importance:
Does the lawyer-client privilege section of the Florida Evidence Code exempt from the disclosure requirements of the Public Records Act written communications between a lawyer and his public-entity client?
Miami Herald, 452 So.2d 574.
There is no question that the written communications at issue are public records subject to chapter 119. Petitioners urge, however, that they are privileged communications exempted from public disclosure. Two points raised by petitioners merit comment. First, petitioners argue that their constitutional rights of due process, effective assistance of counsel, freedom of speech, and this Court's exclusive jurisdiction over The Florida Bar prohibit public disclosure. Essentially, we addressed and rejected many of these same arguments in Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985). The legislature has the constitutional power to regulate disclosure of public records of the state and its political subdivisions and has done so through chapter 119. The communications (public records) belong to the client (government entity), not the lawyer, and the legislature, not this Court, regulates disclosure of public records. Id. In this connection, petitioners urge that they are "individual human beings" subject to personal, civil and criminal liability. This is unquestionably true. From this obvious truth, petitioners then argue that they are constitutionally entitled, as individuals, to private communications with the city's attorney. This argument is fallacious. The city attorney furnishes legal assistance to council members in their official capacity, not as individual citizens.
Petitioners also urge that chapter 90 exempts such written communications from public disclosure. Whatever merit this argument might have had when made to the district court has since been negated by passage of chapter 84-298, section 5, Laws of Florida. Chapter 84-298, section 5, amends chapter 119 to provide for a temporary exemption from public disclosure of government agency, attorney-prepared, litigation files during the pendency of litigation.[*] If chapter 90 provided a permanent exemption for attorney/client communications between government agencies and their attorneys, as petitioners urge, it would have been pointless for the legislature to enact a temporary exemption during pendency of litigation. As we said *220 in Neu, "[i]n construing legislation, courts should not assume that the legislature acted pointlessly. Sharer v. Hotel Corp. of America, 144 So.2d 813, 817 (Fla. 1962)." Neu, at 825.
Our answer to the certified question is a qualified no. The lawyer-client privilege section of chapter 90 does not exempt written communications between lawyers and governmental clients from disclosure as public records, but section 119.07(3)(o) does provide a limited exception within its terms.
In the posture of the case the specific communications are not contained in the record nor are we told the status of the litigation to which the communications pertain. Thus, we cannot determine whether section 119.07(3)(o) is applicable. Under the circumstances we approve the decision of the district court but remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which ALDERMAN, J., concurs.
McDONALD, Justice, dissenting.
It is my view that communications between a public body and its attorneys concerning litigation for which the attorney is hired are absolutely privileged without the aid of section 119.07(3)(o), Florida Statutes (Supp. 1984). I reiterate my dissent in Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985). In addition I note that the Florida Evidence Code, section 90.502, Florida Statutes (1983), not only codifies the traditional attorney/client privilege, but expressly designates communications between an attorney and a client as "confidential." According to subsection 90.502(1):
(c) A communication between lawyer and client is "confidential" if it is not intended to be disclosed to third persons other than:
1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
2. Those reasonably necessary for the transmission of the communication.
Because the Public Records Act exempts records presently provided by law to be "confidential,"[*] and because the Evidence Code provides that documents protected by an attorney/client privilege are "confidential," I find an additional justification to conclude that documents subject to an attorney/client privilege are exempt from the disclosure requirements of the Public Records Act.
The action of the trial judge in denying access to communications between the city and its attorneys should be affirmed.
ALDERMAN, J., concurs.
NOTES
[*] Subsection 119.07(3)(o) now reads:

(o) A public record which was prepared by an agency attorney, including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record, or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or adversarial administrative proceedings, is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings. When asserting the right to withhold a public record pursuant to this paragraph, the agency shall identify the potential parties to any such criminal or civil litigation or adversarial administrative proceedings. If a court finds that the document or other record has been improperly withheld under this paragraph, the party seeking access to such document or record shall be awarded reasonable attorney's fees and costs, in addition to any other remedy ordered by the court.
[*] § 119.07(3)(a), Fla. Stat. (1983), provides:

All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of subsection (1).