512 So.2d 1000 (1987)
SEMINOLE COUNTY, Florida, Petitioner,
v.
Robert WOOD, et al., Respondents.
No. 87-706.
District Court of Appeal of Florida, Fifth District.
August 20, 1987.
Rehearing Denied September 11, 1987.
*1001 Steven F. Lengauer of Pitts, Eubanks, Hilyard, Rumbley & Meier, P.A., Orlando, for petitioner.
George J. Adler, Orlando, for respondents.
DAUKSCH, Judge.
Seminole County seeks a writ of certiorari to review an order of the circuit court compelling production, without an in-camera inspection, of four closed litigation files from the Division of Risk Management, Seminole County and the law firm of Pitts, Eubanks, Hilyard, Rumbley & Meier, which represents the county.
Clearly, certiorari is the appropriate vehicle to review an order requiring a party to produce documents or disclose information for which a privilege is asserted. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987) (although certiorari is not available to review every erroneous discovery order, it is available to review orders that deal with production of privileged material). See also South Florida Blood Service, Inc. v. Rasmussen, 467 So.2d 798 (Fla. 3d DCA 1985), approved 500 So.2d 533 (Fla. 1987); Orange County v. Florida Land Co., 450 So.2d 341 (Fla. 5th DCA), rev. denied 458 So.2d 273 (Fla. 1984). Petitioners contend that the closed litigation files in issue are protected by the attorneyclient privilege or are exempt from production under the Public Records Act[1] after an in-camera inspection.
Petitioner first argues that the trial court departed from the essential requirements of law because it ordered production of files protected by the attorney/client privilege, absent a showing of good cause. However, in City of North Miami v. Miami Herald Publishing Co., 468 So.2d 218 (Fla. 1985), the Supreme Court held that the Public Records Act supersedes the lawyer/client privilege codified in Florida Statute 90.502 (1985). The court noted that the communications in question (public records) belong to the client (governmental entity), not the lawyer, and therefore the legislature, *1002 and not the Supreme Court, regulates their disclosure. See also Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985).
Petitioner's second argument is that the order compelling production departs from the essential requirements of law because it fails to order an in camera inspection of the documents to be produced. Petitioner contends that Section 119.07(2)(b), Florida Statutes (1985) requires that the items subject to production be submitted to the court for an in-camera inspection when an exemption based on the attorney/client privilege has been claimed.[2] In response, the respondents argue that the files which were ordered produced by the court are closed files and therefore the exemption from disclosure in the Public Records Act does not apply and no in-camera inspection is required.[3]
The Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be construed narrowly so they are limited to their stated purpose. Tribune Company v. In Re Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), rev. denied Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), rev. denied 488 So.2d 67 (Fla. 1986); Miami Herald Publishing Company v. City of North Miami, 452 So.2d 572 (Fla. 3d DCA 1984), approved 468 So.2d 218 (Fla. 1985). The Florida Supreme Court has stated that the exclusion to the Public Records Act upon which petitioner relies provides for "... [a] temporary exemption from public disclosure of government agency, attorney-prepared, litigation files during the pendency of litigation." (emphasis added) See City of North Miami v. Miami Herald Publishing Co., 468 So.2d at 219.
Petitioner's argument that the exemption controlling production until the conclusion of the litigation should be construed to mean until all litigation regarding the specific "piece of equipment" is concluded is without merit. The statutory language in the Public Records Act is clearly to the contrary and only the legislature could create such an extended exemption.
Petitioner also contends that the rules regulating the ethics of The Florida Bar prohibit petitioner's attorneys from disclosing confidential information. In Graham v. Murrell, 462 So.2d 34, 36 (Fla. 1st DCA 1984), the court stated that:
"The legislature is without any authority to directly or indirectly interfere with or impair an attorney's exercise of his ethical duties as an attorney and officer of the court. An attorney cannot be put `in the untenable position of choice between a violation of a statute or violation of a specific Canon [of Ethics] insofar as they clearly conflict.' Times Publishing Co. v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969) (emphasis in original)."
However, Neu v. Miami Herald Publishing Co., supra, disapproved the Times Publishing Co. case cited in Graham, noting that the rules of ethics provide that an attorney may divulge a communication with a client when required by law. Furthermore, the court stated that the attorney/client *1003 privilege belongs to the client and not to the attorney, and therefore, since the legislature has plenary authority over political subdivisions and can require them to make disclosures of otherwise confidential materials, the county's attorneys cannot be violating any ethical consideration by following the court's order. See also Tribune Co., Inc. v. Public Records, supra.
Petitioner's remaining arguments are without merit, and therefore the petition for writ of certiorari is denied.
PETITION DENIED.
UPCHURCH, C.J., and SHARP, J., concur.
NOTES
[1] Florida Statute 119.01 et seq. (1985).
[2] Section 119.07(2)(b) provides that:

In any civil action in which an exemption to sub-section (1) is asserted, if the exemption is alleged to exist under or by virtue of paragraph . .. (o) ... the public record or part thereof in question shall be submitted to the court for an inspection in-camera ... If the court finds that the asserted exemption is not applicable, it shall order the public record or part thereof in question to be immediately produced for inspection, examination or copying as requested by the person seeking such access.
[3] Section 119.07(3)(o) provides:

"A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency ... to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency and which was prepared exclusively for civil or criminal litigation ... or which was prepared in anticipation of imminent civil or criminal litigation ... is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings."