Ms. Adis M. Vila Secretary Department of Administration 435 Carlton Building Tallahassee, Florida 32399-1550
Dear Secretary Vila:
You ask the following question:
 Does veterans' preference require the employment of a preference eligible person as defined in s. 295.07, F.S., when an examination is not used and the preference eligible person, although possessing the minimum qualifications necessary for the discharge of the duties involved, is not the best qualified applicant?
In sum:
 Veterans' preference requires that a preferred veteran be given special consideration at each step of the employment selection process, but does not require the employment of a preferred veteran over a nonveteran who is the "most qualified" applicant for the position. If a nonveteran is hired, however, the employing agency must document and justify the decision, subject to review by the Division of Veterans' Affairs and the Public Employees Relations Commission.
Section 295.085(1), F.S., provides as follows:
 In all positions in which the appointment or employment of persons is not subject to a written examination, with the exception of those positions included under s. 110.205(2) and with the exception of comparable positions in the political subdivisions of the state, preference in appointment and employment shall be given by the state and its political subdivisions first to those persons included under s. 295.07(1) and (2), and second to those persons included under s. 295.07(3) and (4), provided such persons possess the minimum qualifications necessary to the discharge of the duties involved.[1] (e.s.)
In AGO 81-63, this office addressed substantially the same question you have raised. At the time the opinion was authored, however, neither the Legislature nor the Department of Administration (department) had provided guidelines as to how the veterans' preference should be applied to veterans seeking employment in noncompetitive career service positions.[2] It was concluded that the absence of legislation or administrative rules outlining a procedure for the award of veterans' preference in noncompetitive positions did not relieve employing agencies from giving preference to veterans.[3]
In 1987, s. 295.085, F.S., was amended to apply to all positions, with specified exceptions, in the career service system not subject to a written examination.[4] Thus, the Legislature clearly mandates that preference be given to veterans for employment in all career service positions even though an examination is not required.[5]
Language was also added to s. 295.085, F.S., to make the department responsible for "promulgating such rules or procedures as to ensure that those persons defined in s. 295.07 are given special consideration in the employing agency's selection and retention processes . . . [and] special consideration at each step of the employment selection process. . . ."[6]
The department subsequently promulgated administrative rules for applying veterans' preference.[7] Particularly, Rule 22VP-1.011, F.A.C., provides, as does s. 295.085(1), F.S., that preference in appointment and employment be given "first" to those persons enumerated therein,[8] provided they possess the minimum qualifications necessary to the discharge of the duties involved.
"Preference" is not defined in Ch. 295, F.S., or in the administrative rules. Given its ordinary meaning[9]
"preference" is "the act of preferring or the state of being preferred."[10] "Prefer" is to "like better, value more highly, [or] to put or set forward or before someone."[11] Thus, an employing agency must give greater consideration to an eligible veteran or place the eligible veteran before nonveterans during the appointment and employment selection process.
Additionally, the department's rules provide that a person eligible to receive veterans' preference must be informed of the review procedures available should a non-preferred applicant be appointed to the position.[12] The employer is required to maintain documentation of the manner of the selection, and the propriety of the selection process and decision in accordance with federal and state law.[13]
In the event a preferred veteran applies for employment with the state or its political subdivision which is awarded to a non-veteran, the aggrieved veteran may file a complaint with Division of Veterans' Affairs.[14] At that point, the division investigates the complaint and makes findings to the complainant and the employing agency. If no satisfactory resolution can be reached, the matter is then brought before the Public Employees Relations Commission for hearing.
While mandating veterans' preference during the employment selection process, Ch. 295, F.S., by providing a means for reviewing the employment of a nonveteran over a preferred veteran, contemplates that nonveterans may be hired. Based upon this statutory scheme, I am unable to conclude that veterans' preference mandates that eligible veterans be hired over nonveterans. I have found no evidence of legislative intent to require the employment of veterans in all instances. Furthermore, to read Ch. 295, F.S., to require the employment of veterans over nonveterans would render the provisions in s. 295.11, F.S., superfluous.[15]
Therefore, I am of the opinion that veterans' preference provides special consideration for eligible veterans at each step of the employment selection process, but does not require the employment of a preferred veteran over a nonveteran who is the "most qualified"[16] applicant for the position. The employing agency, however, is required to document and justify the decision to hire a nonveteran over the preferred veteran, subject to review by the Division of Veterans' Affairs and the Public Employees Relations Commission.
Sincerely,
Robert A. Butterworth Attorney General (ls)
[1] Section 295.07, F.S., provides that preference in appointment and retention in positions of employment be given to: (1) Those disabled veterans: (a) Who have served on active duty in any branch of the Armed Forces of the United States, have been separated therefrom under honorable conditions, and have established the present existence of a service-connected disability which is compensable under public laws administered by the U.S. Veterans Administration, or (b) Who are receiving compensation, disability retirement benefits, or pension by reason of public laws administered by the U.S. Veterans Administration and the Department of Defense. (2) The spouse of any person who has a total disability, permanent in nature, resulting from a service-connected disability and who, because of this disability, cannot qualify for the employment, and the spouse of any person missing in action, captured in line of duty by a hostile force, or forcibly detained or interned in line of duty by a foreign government or power. (3) A veteran of any war who has served on active duty for 181 consecutive days or more, or who has served 180 consecutive days or more since January 31, 1955, and who was discharged or separated therefrom with an honorable discharge from the Armed Forces of the United States of America if any part of such active duty was performed during the wartime era. However, active duty for training shall not be allowable. (4) The unremarried widow or widower of a veteran who died of a service-connected disability.
[2] Attorney General Opinion 81-63 noted that the provisions of s.295.085, F.S. (1980 Supp.), failed to address the procedure whereby preference is to be awarded in noncompetitive positions in the career service system, since by its terms it operated only upon those noncompetitive positions not subject to the career service system.
[3] This office was and remains without authority to create or outline a procedure for awarding veterans' preference in noncompetitive positions within the career service system.
[4] See, s. 6, Ch. 87-356, Laws of Florida.
[5] See, s. 295.07, F.S., excepting those positions included under s. 110.205(2), F.S., and comparable positions in the political subdivisions of the state from those to which veterans' preference applies; s. 110.205(1), F.S., providing that the career service includes all positions not specifically exempted therein; s.110.205(2), F.S., specifically enumerating those positions exempted from the career service system; Rule 22VP-1.005, F.A.C., providing that the rules therein apply to all positions of employment offered by the state and its political subdivisions, except those positions exempted from the career service under s.110.205(2), F.S., and comparable positions in the political subdivisions of the state; and AGO 81-63, concluding that noncompetitive positions within the career service system are clearly within the purview of s. 295.07, F.S.
[6] See, s. 295.085(2), F.S.
[7] See, Rules 22VP-1.001-1.017, F.A.C.
[8] See, footnote 1, supra.
[9] See, Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984) (where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning).
[10] Webster's Third New International Dictionary (1981), p. 1787.
[11] Id.
[12] See, Rule 22VP-1.014(1), F.A.C.
[13] See, Rule 22VP-1.014(2), F.A.C.
[14] See, s. 295.11, F.S. See also, Rule 22VP-1.016, F.A.C., providing enforcement procedures in cases where eligible veterans may not have been afforded veterans' preference.
[15] See, City of North Miami v. Miami Herald Publishing Company,468 So.2d 218 (Fla. 1985) (in construing legislation, court should not assume that the Legislature acted pointlessly). Cf., s.295.08, F.S., providing in situations where applicants with veterans' preference must take an examination to establish their qualifications, ten points are added to the applicants' earned scores and their names are "entered on an appropriate register or list in accordance with their respective augmented ratings." (e.s.) However, veterans whose service-connected disabilities have been rated by the Veterans Administration or the Department of Defense to be 30 percent or more "shall be placed at the top of the appropriate register or employment list, in accordance with their respective augmented ratings." (e.s.)
[16] Section 110.213(3), F.S., provides as follows:
 Selection for appointment from among the most qualified available eligibles shall be the responsibility of the employing agency in accordance with the rules adopted by the department. Such rules shall also provide procedures for selection for noncompetitive classes where job-related ranking measures are not practical or are not appropriate. (e.s.)