582 So.2d 1 (1990)
STATE of Florida, Petitioner,
v.
COCA-COLA BOTTLING COMPANY OF MIAMI, INC., a Delaware Corporation, Respondent.
No. 90-1752.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
Motion to Vacate Opinion Denied and Motion for Rehearing and Clarification and Motion for Certification Determined to be Moot July 12, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and R. Scott Palmer and Patricia A. Conners, Asst. Attys. Gen., Tallahassee, for petitioner.
James L. Armstrong, III, of Kelley, Drye & Warren, Miami, for respondent.
PER CURIAM.
This is a petition for writ of certiorari from the trial court's denial of the State's motion for protective order based on a claim that the requested information is protected by the attorney/client privilege or exempted from production under the Public Records Act. This court has jurisdiction to consider this petition. See Avis Rent-A-Car System, Inc. v. Smith, 548 So.2d 1193 (Fla. 4th DCA 1989); Hartford Accident & Indemnity Company v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987). We grant the petition in part and deny it in part.
On December 28, 1989, the State and Pepsi-Cola Bottling Company of Ft. Lauderdale, Inc. (Pepsi-Cola) executed a settlement agreement which recited that a consent decree between them resolved the State's claims that Pepsi-Cola participated in a conspiracy with Coca-Cola Bottling Company of Miami, Inc. (Coca-Cola) to fix prices of soft drinks in Broward, Palm Beach and Martin Counties. On February 2, 1990, the State filed a complaint against Coca-Cola seeking a compensatory civil penalty and alleging that Coca-Cola conspired with Pepsi Cola to fix prices of soft drinks in Broward, Palm Beach and Martin Counties.
Coca-Cola noticed the State for a deposition duces tecum of its representatives most knowledgeable about contacts, communications, proposals, discussions, representations, authorizations and all subsequent communications relating to the consent decree and disposition of settlement funds. The State filed a motion for protective *2 order which alleged: (1) the information sought is not reasonably calculated to lead to the discovery under the Public Records Act; (2) the Evidence Code § 90.408 precludes such discovery; (3) the discovery sought is the State's work product. The trial court denied the motion with the exception that the State need not provide any information obtained by the State pursuant to civil investigative demands served on Pepsi-Cola.
Section 119.07 reads in part:
(1)(a) Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee... .
(3)(o) A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or agency, and which was prepared exclusively for civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings ... (emphasis supplied).
In City of North Miami v. Miami Herald Pub. Co., 468 So.2d 218, 219-220 (Fla. 1985), the supreme court explained that section 119.07(3)(o) provides only a limited exemption from disclosure of public records during the pendency of litigation, despite claims of attorney-client privilege.
The State argues that settlement with one of several coconspirators in a multiple conspirator case does not constitute the conclusion of litigation under any statutory interpretation of section 119.07(3)(o), Florida Statutes. Coca-Cola responds that the consent and settlement information are not exempt from the Public Record Act because the State settled with Pepsi-Cola, thereby ending its litigation with Pepsi-Cola and cites Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987) for support. Without alluding to the facts of the case, the court in Wood held:
Petitioner's argument that the exemption controlling production until the conclusion of the litigation regarding the specific "piece of equipment" is concluded without merit. The statutory language in the Public Records Act is clearly to the contrary and only the legislature could create such an extended exemption.
Id. at 1002.
Coca-Cola persuasively contends that the instant case may be analogized to Wood in that the State's multi-conspirator argument is the equivalent of the petitioner's "all litigation regarding" argument in Wood. The court in Wood suggested that because a government has many similar cases at a single time does not mean that it is exempt from disclosing records in those cases until the end of all litigation. In the instant case, the State settled with Pepsi-Cola before it even instituted this action against Coca-Cola. Thus, the records it maintained while the Pepsi-Cola matter was pending are not exempt from disclosure since it ended any litigation it might have had with Pepsi-Cola when it settled.
The trial court, therefore, did not depart from the essential requirements of law in denying the motion for protective order in regard to Coca-Cola's request for State records concerning the Pepsi-Cola matter. The petition is denied as to that portion of the order. However, it did depart from the essential requirements of law in denying the motion in regard to Coca-Cola's request to take depositions of State representatives who are knowledgeable of the Pepsi-Cola matter. Section 119.07 only pertains to disclosure of public records. It does not cover oral testimony. Accordingly, the petition is granted as to that portion of the order because the State's representatives are exempted under the attorney/client privilege, pursuant to section 90.502, Florida Statutes (1990), from giving *3 depositions on the Pepsi-Cola matter and that portion of the order is quashed.
PETITION GRANTED IN PART, DENIED IN PART.
DOWNEY, LETTS and WARNER, JJ., concur.