Mr. Donald J. Doody Oakland Park City Attorney 3650 Northeast Twelfth Avenue Oakland Park, Florida 33334
Dear Mr. Doody:
On behalf of the City Council of the City of Oakland Park, you ask substantially the following question:
May the mayor as an elected city official also serve as a code enforcement officer for another municipality without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
A code enforcement officer under the provisions in Chapter 162, Florida Statutes, would not be an "officer" for purposes of the dual officeholding prohibition. However, when a local government adopts an alternative code enforcement system to that prescribed in Chapter 162, Florida Statutes, an examination of the local code or ordinance prescribing the duties and authority of the code enforcement officer would determine whether the position is an "office" for purposes of the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
Article II, section 5(a), Florida Constitution, provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
This provision prevents a person from simultaneously holding more than one "office" in state, county or municipal governments. In Holley v. Adams, the Supreme Court of Florida set forth the general rule that "[t]he acceptance of an incompatible office by one already holding office operates as a resignation of the first."[1] Under the rationale of that decision, the action of an officer accepting another office in violation of the dual officeholding prohibition creates a vacancy in the first office.
While the term "office" or "officer" is not constitutionally defined for purposes of the dual officeholding prohibition, the Supreme Court of Florida has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . .[2]
It is the nature of the powers and duties of a particular position, therefore, that determines whether it is an "office" or an "employment." Membership on the governing body of a unit of government, such as a municipality, clearly is an office.[3]
Chapter 162, Part I, Florida Statutes, authorizes cities and counties by ordinance to create code enforcement boards for the enforcement of their local codes. The provisions in that part, however, are a supplemental means of obtaining compliance with local codes and "nothing contained in ss. 162.01-162.12 shall prohibit a local governing body from enforcing its codes by any other means."[4]
Under Part I, a "code inspector," as the agent or employee whose duty it is to assure code compliance, initiates enforcement proceedings before the code enforcement board.[5] The code inspector notifies a violator of a violation and gives him a reasonable time to correct it. If the violation continues, the inspector notifies the code enforcement board and requests a hearing. The remainder of the enforcement procedure is carried out by the code enforcement board.[6] There does not appear to be any delegation of the sovereign power of the municipality to a code inspector such that the position would be characterized as an "office" for purposes of the dual officeholding prohibition.
Chapter 162, Part II, Florida Statutes, sets forth further procedures for the enforcement of county or municipal codes. Section 162.21, Florida Statutes, provides:
A county or a municipality may designate certain of its employees or agents as code enforcement officers. The training and qualifications of the employees or agents for such designation shall be determined by the county or municipality. Employees or agents who may be designated as code enforcement officers may include, but are not limited to, code inspectors, law enforcement officers, animal control officers, or firesafety inspectors. Designation as a code enforcement officer does not provide the code enforcement officer with the power of arrest or subject the code enforcement officer to the provisions of ss. 943.085-943.255. . . . (e.s.)
By including law enforcement officers in the list of employees or agents who may be appointed as code enforcement officers, the Legislature indicates that code enforcement officers are not "officers" for purposes of the dual officeholding prohibition.[7]
Furthermore, the statute makes it clear that a code enforcement officer has no power of arrest and is not subject to the require-ments of the Criminal Justice Standards and Training Commission.
It is my opinion, therefore, that a code enforcement officer employed or appointed under the provisions of Chapter 162, Florida Statutes, is not an "officer" for purposes of the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.[8]
As noted above, municipalities may adopt their own alternate code enforcement procedure. Municipalities, however, derive no authority from their home rule powers to grant non-law enforce-ment personnel the power to make arrests, carry fire-arms, and conduct searches and seizures.[9]
In Attorney General Opinion 82-12, this office was asked whether a municipality could grant an animal control officer the authority to serve citations or criminal process or make arrests. While the opinion noted a municipality's authority to create appointive offices and prescribe the powers thereof, it was concluded that municipal home rule power does not include the power to vest an animal control officer with the powers of a law enforcement officer.
Similarly, absent legislative authorization for code enforcement officers to possess law enforcement powers or allowing a municipality to delegate such powers to a non-law enforcement agent or employee, a municipality may not grant such powers to its code enforcement officers.
Accordingly, it is my opinion that the mayor of a municipality may accept the position of code enforcement officer established under Chapter 162, Florida Statutes, for another city without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] 238 So.2d 401, 407 (Fla. 1970).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (1919).
[3] See, Op. Att'y Gen. Fla. 72-348 (1972).
[4] Section 162.13, Fla. Stat. (1993).
[5] Section 162.06, Fla. Stat. (1993).
[6] Sections 162.06-162.08, Fla. Stat. (1993).
[7] See, City of North Miami v. Miami Herald Publishing Co.,468 So.2d 218, 220 (Fla. 1985) (in construing legislation, it is not assumed that the Legislature acted pointlessly or enacted useless legislation).
[8] See, Op. Att'y Gen. Fla. 80-97 (1980), for a discussion of municipal positions that are "offices" for purposes of the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
[9] See, Op. Att'y Gen. Fla. 81-38 (1981).