Mr. Thomas A. Cloud Cray, Harris Robinson Post Office Box 3068 Orlando, Florida 32802-3068
Dear Mr. Cloud:
As special counsel for public utilities with the City of Port St. Lucie, you have asked for my opinion on substantially the following question:
Will the work product exception created by section 119.07(3)(n), Florida Statutes, be retained if the work product is transferred from the county's attorney to the city's attorney because the city has been substituted as a party to the litigation?
In sum:
The work product exception created by section 119.07(3)(n), Florida Statutes, will continue to exempt from inspection records that have been prepared by the county's attorney when these records are transferred to the city's attorney pursuant to a transfer agreement whereby the city is substituted for the county as a party to the litigation.
St. Lucie County has been involved in litigation in which the City of Port St. Lucie was one of the original parties. The city and the county have negotiated an agreement transferring the litigation. Pursuant to this transfer agreement, the city will be substituted for the county as plaintiff in the action. Your question is whether the work product exemption created by section119.07(3)(n), Florida Statutes, will continue to protect work product originally generated by the county when these documents are transferred to the city.
Section 119.07(3)(n), Florida Statutes, provides in part that:
A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings. This exemption is not waived by the release of such public record to another public employee or officer of the same agency or any person consulted by the agency attorney.
Under the statute, if the court finds that the document or other record has been improperly withheld, the party who is seeking access to the record shall be awarded reasonable attorney's fees and costs in addition to any other remedy ordered by the court.
Under the exemption, those records that reflect "a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency" are exempt from disclosure until the conclusion of the proceedings.[1] The exemption from disclosure provided by section 119.07(3)(n), Florida Statutes, is temporary and applies during the pendency of the particular litigation for which the document was created.[2] The exemption exists only until the conclusion of the litigation even if other issues remain.[3]
In a case construing this exemption, State v. Coca-Cola Bottling Company of Miami, Inc.,[4] the Fourth District Court of Appeal concluded that records maintained by the State in connection with an antitrust conspiracy investigation against one alleged conspirator were not exempt from disclosure to an alleged coconspirator after the State had settled with the first conspirator. Relevant to the court's decision was the fact that the State had settled its litigation with the first conspirator more than a month before filing a complaint against the second. The State argued that a settlement with one of several coconspirators in a multiple conspirator case does not constitute the conclusion of litigation under section 119.07(3)(o).[5]
However, the court determined that the exemption did not extend to all litigation regarding a particular issue, but rather applied to a particular case.[6]
In the instant case the litigation has not been concluded. The transfer agreement authorizes the substitution of the city for the county in the continued prosecution of this action. The city has been a party to this litigation and is not coming to this action from the outside; rather, the city will merely step into the shoes of the county and continue to advance the strategies which the county has developed. Under these circumstances, it would appear that the exemption that was originally applicable to work product generated by the county may be claimed by the city after the substitution of the parties. The nature of these records as attorney work product continues when the records are in the hands of the city.[7]
Therefore, it is my opinion that the work product exception authorized by section 119.07(3)(n), Florida Statutes, will be retained if the work product is transferred from the attorney for St. Lucie County to the attorney for the City of Port St. Lucie pursuant to a substitution of parties to this litigation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] City of Orlando v. Desjardins, 493 So.2d 1027, 1028 (Fla. 1986). See also, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Jordan v. School Board of Broward County, 531 So.2d 976 (Fla. 4th DCA 1988).
[2] City of North Miami v. Miami Herald Publishing Company,468 So.2d 218 (Fla. 1985).
[3] City of Orlando v. Desjardins, supra at note 1.
[4] 582 So.2d 1 (4th DCA Fla. 1990).
[5] At that time, the section was designated 119.07(3)(o), Fla. Stat.
[6] And see, Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987) ("Petitioner's argument that the exemption controlling production until the conclusion of the litigation should be construed to mean until all litigation regarding the specific `piece of equipment' is concluded is without merit. The statutory language in the Public Records Act is clearly to the contrary and only the legislature could create such an extended exemption."); Tribune Company v. Hardee Memorial Hospital, No. CA-91-370 (Fla. 10th Cir. Ct. Aug. 19, 1991) ("Even when litigation is related, the dismissal of one case destroys the limited agency work product privilege for that case.")
[7] Cf., City of Riviera Beach v. Barfield, No. 93-2315 (Fla. 4th DCA September 21, 1994), in which the court stated that in determining whether or not to compel disclosure of active criminal investigative or intelligence information, "the primary focus must be on the statutory classification of the information sought rather than upon in whose hands the information rests."
In that case the exempt active criminal investigative information had been compiled by and was exempt in the hands of the police department of the City of West Palm Beach. A simultaneous administrative internal affairs investigation was being conducted by the City of Riviera Beach on the police officer involved. Copies of the criminal investigation records were supplied to the City of Riviera Beach and a request was made for the records held by Riviera Beach.
In deciding that the records retained their exempt status in the hands of another law enforcement agency, the court stated that "the transfer from one criminal agency to another does nothing to change the character of the information with respect to its exempt classification under the statutory definition of criminal investigative information." (Slip opinion at page 6) Thus, the court held that "even though shared with the City of Riviera Beach Police Department, the information compiled by the City of West Palm Beach retains its exempt status until it no longer qualifies as active criminal investigative information." Id.