The Honorable Alfred J. "Al" Lawson, Jr. Representative, District 8 Chair, Committee on Governmental Operations 324 House Office Building Tallahassee, Florida 32399-1300
Dear Representative Lawson:
You ask substantially the following question:
Is a community redevelopment agency created pursuant to section163.356, Florida Statutes, considered an economic development agency that may assert the public records exemption contained in section 288.075(2), Florida Statutes?
In sum:
A community redevelopment agency created pursuant to section163.356, Florida Statutes, is a public agency that may not be considered an economic development agency as defined in section288.075(1), Florida Statutes, and, therefore, may not assert the public records exemption allowed for such an agency.
Section 163.356(1), Florida Statutes, authorizes the creation of a community redevelopment agency in a county or municipality to carry out the community redevelopment purposes of Part III, Chapter 163, Florida Statutes. Each community redevelopment agency is created as a public body corporate and politic, constituted as a public instrumentality whose exercise of powers conferred by the statute is deemed to be the performance of an essential public function.[1] The powers granted to a community redevelopment agency include
all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this part, except the following, which continue to vest in the governing body of the county or municipality (1) The power to determine an area to be a slum or blighted area, or combination thereof; to designate such area as appropriate for community redevelopment; and to hold any public hearings required with respect thereto. (2) The power to grant final approval to community redevelopment plans and modifications thereof. (3) The power to authorize the issuance of revenue bonds as set forth in s. 163.385. (4) The power to approve the acquisition, demolition, removal, or disposal of property as provided in s. 163.370(3) and the power to assume the responsibility to bear loss as provided in s. 163.370(3).[2]
Section 288.075(1), Florida Statutes, as amended by section 1, Chapter 95-378, Laws of Florida, states:
As used in this section, the term "economic development agency" means the Division of Economic Development of the Department of Commerce, any industrial development authority created in accordance with part III of chapter 159 or by special law, the public economic development agency that advises the county commission on the issuance of industrial revenue bonds of a county that does not have an industrial development authority created in accordance with part III of chapter 159 or by special law, or any research and development authority created in accordance with part V of chapter 159. The term also includes any private agency, person, partnership, corporation, or business entity when authorized by a municipality or county to promote the general business interests or industrial interests of that municipality or county. (Underlined language added by section 1, Chapter 95-378, Laws of Florida.)
Thus, the amendments to section 288.075(1), Florida Statutes, expand the definition of "economic development agency" to include any private agency, person, partnership, corporation, or business entity authorized by a county or municipality to promote the county's or municipality's general business interests or industrial interests.
Upon written request from a private entity, records of an economic development agency that contain information concerning plans, intentions, or interests of such private entity to locate, relocate, or expand any of its business activities in this state are confidential and exempt from the disclosure requirements in section 119.07(1), Florida Statutes, and section 24(a), Article I, State Constitution, for twenty-four months after the date the request is received by the agency or until disclosed by the agency pursuant to section 288.075(4), Florida Statutes.[3] The Legislature expressed its intent in making such records exempt and confidential as follows:
Protection of such information is necessary to prevent harm to the competitive position of companies that are contemplating a relocation or expansion into this state by the release of sensitive information concerning their operations or finances. The fear of untimely release of such information could make such companies reluctant to contact representatives of economic development agencies and, consequently, impair the public benefits from economic development activities.
The purpose for the confidentiality provisions in section 288.075, Florida Statutes, may appear desirable in situations where a community redevelopment agency receives information regarding the plans of a private entity to relocate or expand in a city or county, but it does not appear that the entities enumerated in section 288.075, Florida Statutes, that are considered "economic development agencies" would include community redevelopment agencies. The Public Records Law, Chapter 119, Florida Statutes, is liberally construed in favor of open government, and exemptions from disclosure are narrowly construed so that they are limited to their stated purpose.[4]] Moreover, where the Legislature has set forth the entities that are to be governed by the provisions of a statute such as section 288.075, Florida Statutes, the appropriate construction is to exclude from its operation all entities not expressly mentioned.[5]
In this instance, clearly, a community redevelopment agency is not one of the entities that was previously enumerated as an "economic development agency" under section 288.075, Florida Statutes. Moreover, a community redevelopment agency is a public agency created pursuant to Part III, Chapter 163, Florida Statutes, and, therefore, would not comply with the expanded definition of an "economic development agency" that includes any private agency, person, partnership, corporation, or business entity authorized to promote the business interests of a municipality or county. Had the Legislature wished to include community redevelopment agencies in the definition for "economic development agency" it could easily have done so.
Accordingly, it is my opinion that a community redevelopment agency created pursuant to section 163.356, Florida Statutes, is a public agency that may not be considered an economic development agency as defined in section 288.075(1), Florida Statutes, for purposes of asserting the public records exemption allowed for such an agency under section 288.075(2), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 163.356(1), Fla. Stat. (1993).
[2] Section 163.358, Fla. Stat. (1993). See also, s. 163.370(3), Fla. Stat. (1994 Supp.), providing:
(3) With the approval of the governing body, a community redevelopment agency may: (a) Prior to approval of a community redevelopment plan or approval of any modifications of the plan, acquire real property in a community redevelopment area, demolish and remove any structures on the property, and pay all costs related to the acquisition, demolition, or removal, including any administrative or relocation expenses. (b) Assume the responsibility to bear any loss that may arise as the result of the exercise of authority under this subsection, in the event that the real property is not made part of the community redevelopment area.
[3] Section 288.075(4), Florida Statutes (1995), states that "[n]o public officer or employee shall enter into a binding agreement with any corporation, partnership, or person who has requested confidentiality of information pursuant to this section, until 90 days after such information is made public."
[4] See, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988).
[5] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned).