Mr. Fred D. Franklin, Jr. City of Jacksonville General Counsel 1300 City Hall 220 East Bay Street Jacksonville, Florida 32202 Attention: Mr. Neill W. McArthur, Jr. Assistant General Counsel
Dear Mr. Franklin:
You ask substantially the following question:
May the Medical Director for the City of Jacksonville's Fire and Rescue Department submit drug test results to the Department of Health and Rehabilitative Services pursuant to section 401.265(2), Florida Statutes, when the director, as a private physician under contract with the city, has performed the physical examinations on medical technicians and paramedics?
In sum:
Written authorization by the patient to release the results of drug testing to the city and the additional statutory requirement that the city's medical director report any incident that would lead to discipline against a medical technician or paramedic to the Department of Health and Rehabilitative Services, allow the medical director to submit drug test results to the department as required by section 401.265(2), Florida Statutes.
You state that the City of Jacksonville has a contract with a local physician to serve as the medical director for the Rescue Division of the Fire and Rescue Department as required by section 401.165(1), Florida Statutes. The same physician has a contract with the city to perform routine preemployment and annual fitness for duty physical examinations for emergency medical technicians, paramedics and firefighters. These examinations include drug testing. While "reasonable suspicion" drug testing is performed by an occupational health clinic affiliated with a local hospital, the medical director performs all drug testing in conjunction with preemployment and annual fitness for duty physical examinations.[1]
The drug testing is performed pursuant to a collective bargaining agreement under which employees required to take physical examinations or tests must sign an authorization to release medical records to the city. The agreement further provides that drug test results are considered confidential medical records that will be kept confidential to the extent permitted by law.
Section 401.25(1), Florida Statutes, states that every person, firm, corporation, association, or governmental entity owning or acting as the agent for the owner of any business or service that furnishes the service of prehospital or interfacility advanced life support services or basic life support services must be licensed by the Department of Health and Rehabilitative Services. Each basic life support transportation service or advanced life support service must employ or contract with a medical director, who must be a licensed physician, group of physicians or physicians employed by any hospital that delivers in-hospital emergency medical services and contracts with physicians specifically for that purpose.[2]
The medical director is responsible for supervising and assuming direct responsibility for medical performance of the emergency medical technicians and paramedics operating for the emergency medical services system. The director's duties include advising, consulting, training, counseling, and overseeing services, including appropriate quality assurance, but not administrative and managerial functions.[3] Each director is required to establish a quality assurance committee to review all emergency medical technicians and paramedics operating under his or her supervision. Section 401.265(2), Florida Statutes, states:
Each medical director shall establish a quality assurance committee to provide for quality assurance review of all emergency medical technicians and paramedics operating under his or her supervision. If the medical director has reasonable belief that conduct by an emergency medical technician or paramedic may constitute one or more grounds for discipline as provided by this part, he or she shall document facts and other information related to the alleged violation . . . [and] report to the Department of Health and Rehabilitative Services any emergency medical technician or paramedic whom the medical director reasonably believes to have acted in a manner which might constitute grounds for disciplinary action.
Thus, the medical director is under a statutory duty to document facts and other information related to an alleged violation that may lead to discipline and to report to the Department of Health and Rehabilitative Services (HRS) any emergency medical technician or paramedic whom the director reasonably believes may have acted in a manner constituting grounds for discipline. You are concerned, however, that as the physician who performs the physical examination and drug testing, the medical director may be precluded by the physician-patient privilege from releasing test results.
Section 455.241(1), Florida Statutes, requires a licensed health care practitioner who makes a physical examination of or administers treatment or dispenses legend drugs to any person to furnish copies of all reports and records relating to such examination or treatment to such person or the person's legal representative. Generally, patient records and medical condition may not be provided to or discussed with any person other than the patient or the patient's legal representative, except upon written authorization of the patient.[4]
In this instance, however, paramedics and medical technicians who undergo drug testing have executed written authorization for the release of drug test results to the city pursuant to the collective bargaining agreement. Accordingly, upon the written authorization of the patient, the drug test results may be released to the city by the examining or treating physician, regardless of the fact that the treating physician also serves as the medical director for the city.
A further concern regarding the release of drug test results by the medical director to HRS arises in light of section 112.08(7), Florida Statutes, which, in part provides:
All medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees . . . enrolled in a county or municipal group insurance plan or self-insurance plan shall be kept confidential and are exempt from the provisions of s. 119.07(1). Such records shall not be furnished to any person other than the employee or the employee's legal representative, except upon written authorization of the employee, but may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the employee or the employee's legal representative by the party seeking such records.
In Attorney General Opinion 95-75, this office addressed a similar situation regarding access to confidential records produced under section 401.30, Florida Statutes, by a city attorney and other city officials responsible for advising the city regarding the provision of emergency medical services or for defending the city against claims that may arise from the provision of such services. The records at issue contained patient examination or treatment information that is made confidential pursuant to section401.30(3), Florida Statutes. This office recognized that the statute specifies those persons or entities outside of the agency who may receive such information and found that there was nothing in the statute that precludes access to the records by agency employees who are responsible for advising the agency as to its duties and responsibilities in providing emergency medical services.
While it was observed in the opinion that the confidentiality provisions may prevent the disclosure of such records to city employees for purposes unrelated to the incident, that situation involved the disclosure of records to the city attorney or city employees connected to the incident that generated the records.
Similarly, the drug tests in this situation are administered as a part of an initial screening or annual fitness for duty physical examination. One of the requirements for certification of an emergency medical technician or paramedic is certification under oath that the individual is not addicted to alcohol or any controlled substance.[5] Further, HRS may suspend or revoke a certificate at any time if it determines that a holder does not meet the applicable qualifications.[6]
Providing the test results to the medical director, therefore, would appear to be an integral part of the director's responsibility to oversee the provision of emergency services and to maintain appropriate quality assurance relative to paramedics and emergency medical technicians. Moreover, the specific provisions in section 401.265(2), Florida Statutes, directing the medical director to document facts and other information related to an alleged violation and to report the paramedic or emergency medical technician to HRS would appear to operate as an exception to the general confidentiality provisions governing medical records in the possession of the city.[7]
Accordingly, it is my opinion that the written authorization by emergency medical technicians or paramedics to release drug test results to the city allows the examining physician to disclose the results to the city's medical director, regardless of the fact that the examining physician is also the medical director. Moreover, the medical director may submit the drug test results to the Department of Health and Rehabilitative Services pursuant to section 401.265(2), Florida Statutes, for purposes of reporting incidents that would lead to the discipline of emergency medical technicians or paramedics.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] You state that the drug testing is not conducted pursuant to the provisions in ss. 440.101 and 440.102, Fla. Stat., therefore, no discussion of those statutes is necessary.
[2] Section 401.265(1), Fla. Stat.
[3] Id.
[4] Section 455.241(2), Fla. Stat. (1995), provides that a health care practitioner may not furnish patient records relating to treatment or examination to, and may not discuss the medical condition of a patient with, any person other than the patient or the patient's legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization to any person.
[5] See, s. 401.27(4)(b), Fla. Stat. (1995).
[6] See, s. 401.27(9), Fla. Stat. (1995).
[7] See, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA, 1987), and cases cited therein, review denied, 520 So.2d 586
(Fla. 1988) (public records law is to be liberally construed in favor of open government and exceptions from disclosure are to be narrowly construed so they are limited to their stated purpose).