The Honorable Kathy Dent Supervisor of Elections Sarasota County Post Office Box 4194 Sarasota, Florida 34230-4194
Dear Ms. Dent:
As Supervisor of Elections for Sarasota County, Florida, you have asked for my opinion on substantially the following question:
Do sections 98.095 and 101.62(3), Florida Statutes, make voter information on the voter's certificate located on the back of an absentee ballot envelope confidential and exempt from the Public Records Law?
In sum:
Neither section 98.095 nor section 101.62(3), Florida Statutes, provides that voter information on the voter's certificate located on the back of an absentee ballot envelope is confidential or exempt from the Public Records Law.
The general policy of the State of Florida is that state and local governmental records shall be open for inspection by any person.[1] The intent of the Legislature in enacting the Public Records Law, Chapter 119, Florida Statutes, and the impetus behind the adoption of Article I, section 24, Florida Constitution, was the facilitation of public access to governmental records.[2] The effect of Chapter 119, Florida Statutes, is to provide for an expedient and practical, not theoretical, inspection of public records. Thus, any non-exempt record must be available for inspection at reasonable times and under reasonable circumstances and this would apply to records made or received by the supervisor of elections.
Recently this office was asked to determine whether the provisions of section 97.0585(2), Florida Statutes, made certain information on the voter's certificate located on the back of an absentee ballot envelope confidential and exempt from the Public Records Law. In Attorney General's Opinion 2001-07, the county attorney asked whether voters' and witnesses' signatures on these envelopes could be viewed by the media in light of the confidentiality requirement of section 97.0585, Florida Statutes. This statute relates to voter registration records and provides "exemptions from public records requirements for information relating to the decision of persons with respect to specified voter registration[.]"[3]
A review of the legislative history surrounding enactment of this statute and a reading of the plain language of the statute supported the conclusion that the exemptions afforded by section97.0585, Florida Statutes, related only to voter registration records and was not intended to extend to any other records. Thus, it was the opinion of this office that the exemption afforded by section 97.0585(2), Florida Statutes, referred to voter registration records and did not apply to or exempt the voters' and witness' signatures on the voter's certificate located on the back of the absentee ballot envelope.
You ask whether sections 98.095 or 101.62(3), Florida Statutes, provide an exemption from the Public Records Law for information provided on the voter certificate envelopes used by voters to return voted absentee ballots.
Section 98.095, Florida Statutes, states:
"(1)(a)1. The registration books of each county in this state are public records. Any citizen of the state is allowed to examine the registration books of any county while they are in the custody of the supervisor of that county, but is not allowed to make copies or extracts therefrom except as provided by this section."
The statute provides that information from the registration books must be made available within 15 days of a request for voter registration information.[4] The supervisor of elections is authorized to recoup the actual costs of duplication of information released to the public in accordance with section119.07, Florida Statutes. The list of who may receive copies or extracts of information is limited:
"(2)(a) Municipalities;
(b) Other governmental agencies;
(c) Candidates, to further their candidacy;
(d) Registered political committees, registered committees of continuous existence, and political parties or officials thereof, for political purposes only; and
(e) Incumbent officeholders, to report to their constituents."
The statute specifically provides that the information may not be used for commercial purposes and that "no person who acquires such a list, shall use any information contained therein for purposes which are not related to elections, political or governmental activities, voter registration, or law enforcement.[5]
By its terms, section 98.095, Florida Statutes, applies to voter registration information contained in the county registration books. Nothing in section 98.095, Florida Statutes, purports to make confidential or exempt from the Public Records Law information contained on absentee ballot envelopes.
Section 101.62(3), Florida Statutes, the other statutory section about which you have specifically inquired, provides:
"For each request for an absentee ballot received, the supervisor shall record the date the request was made, the date the absentee ballot was delivered or mailed, the date the ballot was received by the supervisor, and such other information he or she may deem necessary. This information shall be confidential and exempt from the provisions of s. 119.07(1) and shall be made available to or reproduced only for a canvassing board, and election official, a political party or official thereof, a candidate who has filed qualification papers and is opposed in an upcoming election, and registered political committees or registered committees of continuous existence, for political purposes only."
Nothing in this statute speaks to the confidentiality of information contained on an absentee ballot envelope. Rather, this statute requires the supervisor to make a separate record of actions taken by that office regarding a request for an absentee ballot and the supervisor's response to that request and makes this information, as compiled by the supervisor, confidential and exempt from the Public Records Law.
The courts of this state have recognized that the Public Records Law is to be liberally construed in favor of open government while exemptions from disclosure are to be narrowly construed so that they are limited to their stated purpose.[6] This office will not read into any statute an exemption from the Public Records Law, in the absence of any legislative or judicial expression of such an exemption.[7]
Thus, it is my opinion that neither section 98.095 nor section101.62(3), Florida Statutes, provides that voter information on the voter's certificate located on the back of an absentee ballot envelope is confidential or exempt from the Public Records Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.01(1), Fla. Stat. And see, s. 119.07(1)(a), Fla. Stat.
[2] See, s. 119.01(1), Fla. Stat., and Art. I., s. 24(a), Fla. Const. 
[3] See, title to Chapter 94-345, Laws of Florida, creating section 97.0585, Fla. Stat.
[4] See, s. 98.095(1)(a)2. and (1)(b), Fla. Stat.
[5] Section 98.095(2), Fla. Stat. And see, s. 98.095(3), Fla. Stat., which provides an oath which must be taken by any person who acquires a list of registered voters from the supervisor.
[6] See, e.g., Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000, 1002
(Fla. 5th DCA 1987), rev. den., 520 So.2d 586 (Fla. 1988).
[7] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974), and Ops. Att'y Gen. Fla. 87-43 (1987), 82-20 (1982) and 81-10 (1981). And see, Boardman v. Esteva, 323 So.2d 259 at 269 (Fla. 1975) ("It has long been recognized in this State that by voting absentee the elector waives the secrecy of his ballot [citations omitted].")