Mr. Robert J. Sniffen Counsel to Leon County Property Appraiser Moyle, Flanigan, Katz, Raymond Sheehan 118 North Gadsden Street Tallahassee, Florida 32301
Dear Mr. Sniffen:
On behalf of the Honorable Bert Hartsfield, Leon County Property Appraiser, you ask the following questions:
1. Is the application for ad valorem tax exemption, Form DR-501 developed by the Florida Department of Revenue, exempt from disclosure under Chapter 119, Florida Statutes?
2. If so, does information contained in Form DR-501 that may be made part of other public records of the Property Appraiser's office, such as tax rolls or public information cards, maintain its exempt status?
Question One
Form DR-501, developed by the Florida Department of Revenue, is entitled "Original Application for Ad Valorem Tax Exemption." An applicant provides such information as name, address, telephone number, marital status, and proof of residence of all owners of the subject property. Proof of residence items include a driver's license number, vehicle tag number, voter registration number, and social security number.
Section 193.074, Florida Statutes, provides:
"All returns of property and returns required by s. 201.022 submitted by the taxpayer pursuant to law shall be deemed to be confidential in the hands of the property appraiser, the clerk of the circuit court, the department, the tax collector, the Auditor General, and the Office of Program Policy Analysis and Government Accountability, and their employees and persons acting under their supervision and control, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters, and such returns are exempt from the provisions of s. 119.07(1)."
As this office recognized in Attorney General Opinion 95-7, there is no statutory definition of "return" for purposes of the taxing statutes. The Florida Department of Revenue, however, has promulgated a rule defining "return" as follows:
"(5) `Return' means those documents, declarations, reports, schedules, amendments, or other written statements filed with the Department by a taxpayer under a revenue law of this state or rules of the Department. This term includes any copy of a federal income tax return or other attachments which are designed to be supplemental to, or become a part of, a return. However, the annual report required of taxpayers who claim the enterprise zone jobs credit under ss. 220.181(3) and 212.096(4), F.S., is not included in the definition of return."[1]
In Attorney General Opinion 95-7, this office considered whether Form DR-504, when filed by a taxpayer, was subject to disclosure under the Public Records Law. Form DR-504 was entitled "Ad Valorem Tax Exemption Application and Return." In light of the determination by the Department of Revenue that DR-504 be treated as a "return" when executed and filed by a taxpayer, it was concluded that the form was confidential pursuant to section 193.074, Florida Statutes.
It would appear that forms DR-501 and DR-504 are substantially similar in their purpose as an application for exemption from ad valorem taxation on real property. Moreover, you indicate that the Department of Revenue has taken the position that DR-501 is a "return" that is confidential under Chapter 119, Florida Statutes.[2]
In light of the above, it is my opinion that DR-501 should be treated as a "return" that is confidential pursuant to section 193.074, Florida Statutes.
Question Two
As discussed in Question One, a "return" is confidential and exempt from the provisions of Chapter 119.07, Florida Statutes. There are provisions in the taxation statutes, however, requiring the property appraiser to prepare documents or rolls that may contain information gleaned from such a return.
For instance, section 193.114, Florida Statutes, requires the property appraiser to prepare assessment rolls. The Department of Revenue is charged with promulgating regulations and forms for the preparation of the real property roll, which must reflect:
"(a) A brief description of the property for purposes of location and, effective January 1, 1996, a market area code established according to department guidelines. However, if a property appraiser uses a neighborhood code, beginning in 1994, the property appraiser shall provide the neighborhood code to the department. (b) The just value (using the factors set out in s. 193.011) of all property. (c) When property is wholly or partially exempt, a categorization of such exemption. (d) When property is classified so that it is assessed other than under s. 193.011, the value according to its classified use and its value as assessed under s. 193.011. (e) The owner or fiduciary responsible for payment of taxes on the property, his or her address, and an indication of any fiduciary capacity (such as executor, administrator, trustee, etc.) as appropriate. (f) The millage levied on the property. (g) The tax, determined by multiplying the millages by the taxable value."[3]
Thus, there is a statutory directive that certain information, which may incidentally appear in the application for ad valorem tax exemption, be included on the property assessment rolls. There is nothing in the statute that makes the information appearing in the tax rolls confidential or otherwise exempt from the disclosure requirements of Chapter 119.07, Florida Statutes.[4] In fact, the property appraiser is statutorily recognized as the custodian of the tax roll "[f]or proprietary purposes, including the furnishing or sale of copies[.]"[5]
(e.s.)
The policy of this state is that all state, county, and municipal records be open for personal inspection by any person.[6] Because exemptions from the Public Records Law are to be narrowly construed and limited to their stated purpose, this office cannot conclude that information that may be obtained from the "return" and placed on the tax roll as directed by law would make tax rolls confidential or exempt from the Public Records Law.[7] Such a conclusion would directly conflict with the statutory requirement that the property appraiser be the custodian of the tax rolls for purposes of furnishing or selling copies. The Florida Department of Revenue has indicated its agreement with this conclusion.
A question similar to the one you have posed was addressed in Attorney General Opinion 87-11, in which this office was asked whether tangible personal property assessment rolls contained on magnetic tape were subject to public inspection and copying pursuant to the Public Records Law. The opinion recognized that section 193.074, Florida Statutes, makes returns confidential, but also pointed out that the property appraiser is required by law to prepare a tangible personal property assessment roll. Considering that the rolls are made or received pursuant to law by an agency and that they are public records, regardless of their form, it was determined that resolution of whether the rolls were exempt hinged upon the existence of an exemption from the public inspection and copying requirements of Chapter 119, Florida Statutes. Finding no such exemption for tangible personal property assessment rolls, it was concluded that such rolls are subject to the Public Records Law. The opinion further made note of the long history of recognizing the public nature of assessment rolls.[8]
Accordingly, absent a specific statutory exemption for assessment rolls and public information cards, such documents made or received by the property appraiser are public records subject to the Public Records Law, regardless of the confidentiality of a return that may contain information used in their creation.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Rule 12-22.002(5), F.A.C.
[2] It is well settled that the construction of a statute by the agency charged with its administration is entitled to great weight and, absent a showing of clear error, will not be overturned. Department of Insurancev. Southeast Volusia Hospital District, 438 So.2d 815 (Fla. 1983).
[3] Section 193.114(2), Fla. Stat.
[4] I would note that s. 193.114(6), Fla. Stat., states that a social security number submitted by a taxpayer applying for an exemption pursuant to s. 196.011(1), Fla. Stat, is confidential and exempt from s. 24(a), Art. I, State Const., and the provisions of s. 119.07(1), Fla. Stat.
[5] Section 193.114(6), Fla. Stat.
[6] Section 119.01(1), Fla. Stat.
[7] See Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987) (Public Records Law is to be liberally construed in favor of open government; exemptions therefrom are to be narrowly construed and limited to their stated purpose).
[8] See Ops. Att'y Gen., May 25, 1937, Biennial Report of the Attorney General, 1937-1938, p. 100 (tax roll in the hands of the tax collector is a public record and may be inspected by any citizen under reasonable conditions); 61-102 (tax assessment roll disseminates information to the public and is clearly a public record); and 72-323 (assessment roll required by ss. 193.085(1) and 193.114(1)(a), Fla. Stat., is a public record).